(124 N. W. 1119.)

---

FRANK H. STRECKER v. EDWARD RAILSON.

Opinion filed March 3, 1910.

**Appeal and Error—Appealable Order—Order Denying Motion to Dismiss.**

1. An order denying defendant's motion to dismiss the action, and granting plaintiff's countermotion for leave to amend the complaint, held not appealable.

Appeal from District Court, McIntosh county; *Allen,* J.

Action by Frank H. Strecker against Edward Railson. From an order denying defendant's motion for a dismissal and granting plaintiff's motion to amend his complaint, defendant appeals.

Dismissed.

*A. W. Clyde,* for appellant.

*Nels Larsen,* for respondent.

FISK, J. This cause was here on a former appeal. See 16 N. D. 68, 111 N. W. 612, 8 L. R. A. (N. S.) 1099. It was there held that

the complaint fails to state facts sufficient to constitute a cause of action, and also that certain testimony offered by plaintiff to prove a foreign judgment of a justice of the peace was inadmissable. The concluding portion of the opinion contained the following language: "For the foregoing reasons the judgment appealed from is reversed, and the cause remanded for further proceedings according to law; appellant to recover his costs and disbursements in both courts." The record discloses that after the remittitur was sent down defendant moved, in the district court, for a dismissal of the action, and a countermotion was made by plaintiff for leave to file an amended complaint curing the defects pointed out in the opinion of this court. Defendant's motion was denied, and plaintiff's motion granted on condition of his payment of all costs of both courts as taxed by the clerk. From such order defendant has appealed.

The questions discussed in appellant's brief are not properly before us, for the obvious reason that the order complained of is not an appealable order. It is well settled that no appeal lies from an order refusing to dismiss an action or to nonsuit a plaintiff. 2 Cyc. 596, and numerous cases cited in note 21. It is a well-known fact that our statute relating to appeals, being section 7225, Rev. Codes 1905, was borrowed from Wisconsin. Such statute was construed in Waldo v. Rice, 18 Wis. 405, and the Supreme Court of that state, speaking through Dixon, C. J., held that an order refusing to dismiss a cause for want of prosecution is not appealable. That court has subsequently adhered to the rule there announced. Reed v. Lueps, 30 Wis. 561. We are entirely satisfied with the correctness of the rule thus announced by the Wisconsin court. The statute was borrowed from Wisconsin in 1887, and the presumption is that the construction previously placed upon it by the Wisconsin court was borrowed with it.

That an appeal will not lie from the portion of the order allowing plaintiff to amend his complaint is too clear for discussion. Such an order is not included within any of the five subdivisions of section 7225, supra.

It follows that the appeal must be dismissed, and it is so ordered. All concur.

NOTE.—For note on appealable and non-appealable orders, see Olson v. Mattison, 16 N. D. 231. An order after judgment in condemnation suit, directing its clerk to retain money paid on the judgment, pending the set-

tlement of certain tax titles, is appealable.' St. P. M. & M. Ry. Co. v. Blakemore, 17 N. D. 67. An order refusing to vacate a previous order, made without notice striking case from calendar, and for dismissal, is not an appealable order. Larson v. Myron, 17 N. D. 247.

(125 N. W.. 560.)