# WHITNEY v. RITZ.

### (140 N. W. 676.)

**Appeals — authorized by statute.**

1. Except as authorized by statute, appeals to the supreme court will not lie.

**Justice court — appeals — district court — motion — order.**

2. Plaintiff brought this action in justice court for damages for burning the grass on certain land. Summons was served upon the defendant personally. He appeared at the trial and participated therein. The pleadings of both parties were oral. No objection was taken because not in writing. Defendant appealed to the district court from a judgment in plaintiff's favor, and there submitted a motion to reverse and set aside the judgment of the justice court, on the ground that the damages involved in the action were for injury to real property, and that the justice had no jurisdiction because the pleadings were not in writing and verified as required by § 8392, Rev. Codes 1905.

*Held,* that the order denying defendant's motion was not appealable under the provisions of either subdivision 1 or 4 of § 7225, Rev. Codes 1905, as amended by chap. 79, Laws of 1907.

**Pleadings — real property — justice courts — title — frivolous issues — objections — waiver.**

3. The requirement of § 8392, that pleadings must be in writing and verified, in an action to recover damages for an injury to real property, was intended to prevent the raising of sham or frivolous issues as to boundaries or title to real property in justice court. Neither title nor boundary was in question, and by participating in all steps of the trial and failing to object to the fact that plaintiff's pleadings were oral, until after appeal to the district court, defendant waived his right under the statute.

4. The requirements of § 8392, above referred to, are not jurisdictional.

Opinion filed February 14, 1913.

Appeal from an order of the District Court for Morton County; *Nuchols,* J.

Dismissed.

*Oliver Leverson,* for appellant.

Real property is such as has the characteristics of permanency of location. Tiedeman, Real Prop. § 1.

Things of a vegetable nature growing in the soil are deemed a part of the realty. Tripp v. Hasceig, 20 Mich. 254, 4 Am. Rep. 388.

The measure of damages for destruction of growing grass is the difference between the value of the land for the purpose for which it was used, before and after the fire. Texas & P. R. Co. v. Land, 3 Tex. App. Civ. Cas. (Willson) 74; Missouri, K. & T. R. Co. v. Goode, 7 Tex. Civ. App. 245, 26 S. W. 441.

In an action to recover damages, or for an injury to real property, the pleadings must be in writing, and verified, to give court jurisdiction. Rev. Codes 1905, § 8392; Ball v. Biggam, 43 Kan. 327, 23 Pac. 565. .

Where a justice has no jurisdiction over the subject-matter of the action, failure to raise such questions in such court does not waive the objection. 12 Enc. Pl. & Pr. 694; Mastick v. Superior Ct. 94 Cal. 347, 29 Pac. 869; Murry v. Burris, 6 Dak. 170, 42 N. W. 25; 8 Enc. Pl. & Pr. 171.

Where the lower court has no jurisdiction of the subject-matter, the appellate court has none. Vidger v. Nolin, 10 N. D. 353, 87 N. W. 593; Kidder v. Fay, 60 Wis. 218, 18 N. W. 839; Plumket v. Evans, 2 S. D. 434, 50 N. W. 961.

The appellate court cannot remand such case to the lower court. 2 Enc. Pl. & Pr. 23–452.

Where the justice has no jurisdiction because the amount claimed was too great, the district court could acquire no jurisdiction by appeal. Wedgewood v. Charlotte, 112 Iowa, 514, 84 N. W. 528; Pincus v. Dowd, 11 Mont. 88, 27 Pac. 393; Abbott v. Kruse, 37 Ill. App. 551.

*Hanley & Sullivan,* for respondent.

The order from which appeal is taken is merely an interlocutory order, and is not appealable. Ryan v. Davenport, 5 S. D. 203, 58 N. W. 568; Patterson v. Ward, 6 N. D. 359, 71 N. W. 543; Stecker v. Railson, 19 N. D. 677, 125 N. W. 560; 2 Cyc. 593.

Jurisdiction of a justice court is acquired by the issuance and service of a summons. Rev. Codes 1905, § 8358.

After appeal is taken to the district court, it is within the discretion of that court to allow written pleadings to be filed. McCaffery v. Northern P. R. Co. 22 N. D. 544, 134 N. W. 749; Jerome v. Rusk, 19 S. D. 263, 103 N. W. 26; Clow v. Murphy, 52 Iowa, 695, 3 N. W.

24 N. D.—37.

723; Bradey v. Mueller, 22 S. D. 534, 116 N. W. 1035; McCoun v. New York C. & H. R. R. Co. 50 N. Y. 176; Rev. Codes 1905, §§ 6883–6886.

SPALDING, Ch. J.    Plaintiff and respondent brought this action in justice court in Morton county.  Defendant appeared, and on trial judgment was rendered in favor of the plaintiff.  From this judgment an appeal was taken on the 14th day of November, 1910, to the district court of Morton county, and a trial *de novo* demanded.  Subsequently, appellant submitted a motion in the district court to reverse and set aside the judgment entered in the justice court, upon the ground that the damages involved in the action were for injury to real property, and that the justice had no jurisdiction because no written, verified pleadings had been made and filed in the justice court.  On December 22, 1911, this motion was denied.  From the order denying it, an appeal is taken to this court.  In the consideration of this appeal we are first met with the contention of respondent that the order from which the appeal is taken is not an appealable order, and that therefore the appeal must be dismissed.  This objection is well taken.  It is elementary that, except as authorized by statute, appeals will not lie.  Myrick v. McCabe, 5 N. D. 422, 67 N. W. 143; Tracy v. Scott, 13 N. D. 577 (see p. 578), 101 N. W. 905; Section 7225, Rev. Codes 1905, as amended by chap. 79, Laws of 1907, defines the orders from which appeals may be taken to the supreme court of this state, as follows:

"1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken.

"2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment.

"3. When an order grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction, or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding, or pursuant to the provisions of § 7454 of this Code; when it sets aside or dismisses a writ of attachment for irregularity; when it grants or refuses a new trial or when it sustains or overrules a demurrer.

"4. When it involves the merits of an action or some part thereof;

when it orders judgment on application therefor on account of the frivolousness of a demurrer, answer, or reply on account of the frivolousness thereof.

"5. Orders made by the district court or judge thereof, without notice, are not appealable; but orders made by the district court after a hearing is had upon notice, which vacate or refuse to set aside orders previously made without notice, may be appealed to the supreme court when, by the provisions of this chapter, an appeal might have been taken from such order so made without notice, had the same been made upon notice."

It is perfectly clear that this order does not come within the terms of ¶¶ 2, 3, or 5, of § 7225, supra.

Does it affect a substantial right and determine the action and prevent a judgment from which an appeal might be taken? We think not. It is apparent from the wording of subdivision 1 that, to bring an order within its terms, it must not only affect a substantial right, but must also, in effect, determine the action and prevent a judgment. It is obvious that this order could in no manner prevent a judgment from which an appeal might be taken. The parties were in court, and could proceed with the trial in precisely the same manner as though this motion had not been submitted and decided. The purpose and the wisdom of this provision are apparent. It prevents multiplicity of appeals in the same action, and enables the party to secure a determination upon questions arising in the progress of litigation, prior to final judgment, on an appeal from the judgment. Otherwise all proceedings in an action might be stayed pending the determination of separate appeals from each order made during the life of the case, and a final judgment thereby prevented or postponed for years. It was well stated in Harris Mfg. Co. v. Walsh, 2 Dak. 41, 3 N. W. 307, when the court, speaking through Judge Moody, said: "In other words, will this court allow parties to bring their cases here by piecemeal, during the pendency of the action in the district court, and apparently for the purpose only of obtaining the opinion of this court upon a question of practice or law, and perhaps wholly unnecessary to a complete and just disposition of the cause? If by any law binding upon this court, we are compelled to perform this needless labor, we shall yield obedience to such an enactment, however disastrous, in our·

opinion, it may be to the best interest of suitors, and causing, as it necessarily will, great and useless delay and expense, and enabling litigious persons to use the courts in a manner amounting frequently to a denial of justice."

Does it involve the merits of the action or some part thereof, as provided by ¶ 4? We think this motion is so analogous to the one passed upon in Stecker v. Railson, 19 N. D. 677, 125 N. W. 560, as to be controlled by the decision in that case where it was held that an order denying defendant's motion to dismiss an action was not appealable. This order, so far as the appellant is concerned, had the same effect as the order in that case, and it still left the action for trial and to proceed to judgment, from which all material rulings made in the course of the trial or the proceedings leading thereto could be reviewed. For a more extended discussion of the question, as to what orders are appealable, see Olson v. Mattison, 16 N. D. 231, and note 112 N. W. 994; Bolton v. Donovan, 9 N. D. 575, 84 N. W. 357; Northern P. R. Co. v. Barlow, 20 N. D. 197, 126 N. W. 233, Ann. Cas. 1912 C, 763; McMahon v. Davidson, 12 Minn. 357, Gil. 232.

Our conclusion on this question disposes of appellant's appeal, but in view of his insistence that the want of written pleadings on the trial in justice court deprived that court of jurisdiction, we may properly add that we think this is a mistake. Section 8378, Rev. Codes 1905, provides that pleadings in a justice's court may be oral or written, and need not be verified unless otherwise specially prescribed. Section 8392 provides that pleadings must be in writing, and be verified in an action of forcible detainer, or in an action to recover damages for an injury to real property. This action is for damage to uncut grass, and it is claimed that it is for injury to real property. Assuming this to be so, did failure to comply with the requirements of § 8392, supra, deprive the justice court of jurisdiction in this case? If it did, the district court was likewise without jurisdiction. In many of the states it is required by statute that, in actions for forcible entry and detainer, a verified complaint must be filed before the justice may issue the summons. In such states it is invariably held that the complaint must be in writing and verified, and that a summons issued without the filing of such a complaint confers no jurisdiction upon the justice. But such is not our statute. It was held in

Browne v. Hazeltine, 9 S. D. 524, 70 N. W. 648, that under statutory provisions identical with those of § 8392, above, jurisdiction in forcible detainer does not depend on the filing of a verified complaint before the issuance of summons, and that it is sufficient if the complaint is filed at or before the time the defendant is required by the summons to appear and answer. And if this be correct (and we see no reason to question the correctness of this decision), we are unable to understand how, having acquired jurisdiction both of the person and the subject-matter, it is lost by the fact that both parties to the action proceed without written pleadings. Neither made objection or suggestion to the justice that such pleadings were necessary. We think they, in legal effect, waived the requirement of the statute, and that it is a requirement which may be waived by the parties, particularly when we consider what seems to us to be the object of this provision. Title and boundary to real estate cannot be tried in justice court. Issues on title and boundaries more frequently arise in actions relating to forcible and unlawful entry or detainer, and injury to real property, than in almost any other form of actions. In the interest of justice, and to permit the speedy determination of litigation it is important that frivolous or sham issues raising these questions shall not be permitted, and unquestionably the legislative mind recognized the fact that where pleadings were required to be verified, fictitious and sham issues would be much less likely to be raised than in informal, oral, and unverified pleadings. Pleadings can only be verified when reduced to writing. If this is the purpose of this provision, and the parties themselves saw fit to waive any protection afforded by the statute against fictitious issues, and none in fact are raised, we see no reason for holding that the requirement is jurisdictional. In fact it is not a question going to the jurisdiction. It is only a matter of procedure. It applies to the manner or mode of conducting the proceedings after the parties are in court. The summons gives the court jurisdiction over the defendant, and the subject of damages to real property, within the limits stated by the plaintiff in this action, was within the jurisdiction of the justice. We are, therefore, of the opinion that the court, having acquired jurisdiction, did not lose it by the fact that the parties themselves elected to proceed without written and verified pleadings. The appeal is dismissed.