L. O. WALL, Appellant, v. FIRST NATIONAL BANK OF CROSBY, a Corporation, Respondent.

(193 N. W. 51.)

**Appeal and error — order denying motion for judgment on pleadings held not appealable.**

An order denying plaintiff's motion for judgment on the pleadings held not appealable.

Opinion filed April 3d, 1923. Rehearing denied April 13, 1923.

Appeal and Error, 3 C. J. § 314 p. 487 n. 26.

Appeal from the District Court of Divide County, *Lowe, J.*
Appeal dismissed.
*Leighton & Brace,* for appellant.

A motion for judgment on the pleadings is, in substance, both a demurrer and a motion. It is a demurrer in so far as it objects to the pleading on the ground of insufficiency; and a motion in so far as it is an application for order for judgment in consequence of such defect. Power v. Gum, 6 Mont. 5, 9 Pac. 575; Floyd v. Johnson, 17 Mont. 469, 43 Pac. 631; Taylor v. Palmer, 31 Cal. 257.

A mortgagee as such has no interest in insurance procured by a

mortgagor.   14 R. C. L. 1367; Aetna Ins. Co. v. Thompson (N. H.) 40 Atl. 396; Reynolds v. L. & L. Ins. Co. 128 Cal. 16, 60 Pac. 467; Harvison v. Griffin, 32 N. D. 188, 155 N. W. 655; Krieger v. Schultz (N. D.) 188 N. W. 1021; Rawson v. Bethesda etc. 221 Ill. 216, 6 L.R.A.(N.S.) 448, 77 N. E. 560; 19 Cyc. 885.

*Geo. P. Homnes,* for respondent.

Respondent contends that judgment on the pleadings cannot be given when the pleadings of the defendant sets up a substantial and issuable defense.   23 Cyc. p. 769.

"The defendant after the foreclosure had the same interest in the dwelling house insured as before, and it still held the insurance policy, which insured, not its debt, but its interest in the house mortgaged.   It is wholly immaterial whether the defendant, after the foreclosure, was technically a purchaser, and not a mortgagee, and that its lien and claim on and to the house secured its bid, and not its debt; for it continued to have an insurable interest in the house by virtue of its mortgage, precisely as it had before the foreclosure.   It was this interest that was insured by the policy payable in case of loss to the defendant as its interest might appear, and a loss having occurred while the policy was in force and the interest still in existence, the insurance money was rightly paid to the defendant, subject to the equity of the mortgagor to have the amount thereof applied pro tanto in redemption of the premises."   Carlson v. Presbyterian Bd. 67 Minn. 436, 70 N. W. 3; Haight v. Continental Ins. Co. 92 N. Y. 51; Eddy v. London Assur. Co. 143 N. Y. 311, 25 L.R.A. 686.

Nuessle, J.   This is an attempted appeal from an order of the district court of Divide county denying a motion for judgment on the pleadings.   It appears to us that we cannot in any manner pass upon the merits of this appeal or determine the questions raised and discussed in the briefs; this for the reason that we have no jurisdiction to do so.

The order complained of is not appealable.   It does not come within any of the five subdivisions of § 7841 Comp. Laws, 1913, providing what orders may be carried to the supreme court.   Except as authorized by statute appeals will not lie, see Whitney v. Ritz, 24 N. D. 576, 140 N. W. 676, and cases cited. . Appellant argues that the motion is in effect a demurrer.   The answer is that whatever its effect, nevertheless

it is not a demurrer. In the absence of the statute subdivision 3, § 7841, an order overruling a demurrer is not appealable. 2 R. C. L. 43; 3 C. J. 481. It may be contended that the order here in question comes within the fourth subdivision of § 7841, providing that an order is appealable when it involves the merits of an action or some part thereof. We do not believe, however, that this contention is tenable. See McMahon v. Davidson, 12 Minn. 357, Gil. 232, where in passing on a statute providing that "an appeal may be taken from an order involving the merits of an action or some part thereof," it was held an appeal will not lie from an order made on a trial denying a motion for judgment on the pleadings. See also as to appealable orders Persons v. Simons, 1 N. D. 243, 46 N. W. 969; Olson v. Mattison, 16 N. D. 231 and note, 112 N. W. 994; Dibble v. Hanson, 17 N. D. 21, 114 N. W. 371, 61 Ann. Cas. 1210 and cases cited; Strecker v. Railson, 19 N. D. 677, 125 N. W. 560; Whitney v. Ritz, 24 N. D. 576, 140 N. W. 676; Thorp v. Lorenz, 34 Minn. 350, 25 N. W. 712; Clement v. Foster, 99 N. C. 255, 6 S. E. 186 and note; 3 C. J. 487; 2 R. C. L. 43.

For the foregoing reasons the appeal must be dismissed and it is so ordered.

BRONSON, Ch. J., and BIRDZELL, CHRISTIANSON, and JOHNSON, JJ., concur.