FIRST NATIONAL BANK OF VIROQUA, WISCONSIN, a Foreign Corporation, Respondent, v. FARM MORTGAGE LOAN & TRUST COMPANY, a Domestic Corporation, Appellant.

(215 N. W. 877.)

**Appeal and error — order to make pleading more definite and certain not appealable.**

An order requiring a pleader to make his pleading more definite and certain is not an appealable order.

Opinion filed November 4, 1927.

Appeal and Error, 3 C. J. § 315 p. 487 n. 30.

Appeal from the District Court of Foster County, *Coffey,* **J.**
Dismissed.

*R. C. Morton,* for appellant.

*Craven & Cummings,* for respondent.

**Burr,** J.  The defendant appeals from an order of the district court requiring him to make a certain paragraph in his answer more specific and definite, and his contention is that the motion to make more specific, as presented to the district court, was not itself sufficiently definite to appraise him of the grounds of the motion.  The court granted the motion to make it more specific and the defendant appeals.

The order of the district court to make an answer more specific and definite is not an appealable order.  It does not come under the provisions of subdivision 1 or of subdivision 4 of § 7841 of the Compiled Laws and these are the only subdivisions which even remotely bear upon the issue.

In the case of Johnson v. Great Northern R. Co. 12 N. D. 420, 97 N. W. 546, this court passed upon an order of the district court refusing to require the complaint to be made more specific and expresses doubt as to its appealability, saying: "No motion to dismiss the appeal was made by plaintiff, nor is the appealability of the order argued by him. . . . Whether the order is appealable, or not, is a doubtful question. . . . The question of the appealability of the order not having been raised or argued by respondent . . . we have deemed it best to dispose of the question presented, on the merits, without committing ourselves to the view that such an order is appealable, . . . "  Here there is a very clear intimation of serious doubt as to the appealability of such an order, if not an intimation of its non-appealability.  The review of appeal orders in Torgerson v. Minneapolis, St. P. & S. Ste. M. R. Co. 51 N. D. 745, 750, 200 N. W. 1013, is helpful.  Here an order denying a motion to strike the amended complaint from the files, and for judgment on the pleadings was held non-appealable.  In Wall v. First Nat. Bank, 49 N. D. 703, 193 N. W. 51, it is held that an order denying a motion for judgment on the pleadings is not appealable.

In 2 Cyc. 607, the rule is laid down that "an order granting or denying a motion to make a pleading more definite and certain is not

appealable before final judgment," and this rule is upheld in American Book Co. v. Kingdom Pub. Co. 71 Minn. 363, 73 N. W. 1089.

The principle involved is analogous with the principle in a demand for a bill of particulars and by the great weight of authority an order relating to a bill of particulars, is not such final order as is appealable before final judgment. See note to Warfield v. State, Ann. Cas. 1913C, 827.

No allegations in the answer are required to be stricken out. The defendant has the right to prove what he has alleged already. He is required to insert explanatory provisions and it is for the trial court to determine the materiality of offered proof thereon. The order does not involve the merits of the action, or any part thereof and it is well settled appeals will not lie except as authorized by statute. Whitney v. Ritz, 24 N. D. 576, 140 N. W. 676. The appeal in this case is dismissed.

BIRDZELL, Ch. J., and BURKE, CHRISTIANSON, and NUESSLE, JJ., concur.