SECURITY NATIONAL BANK OF FARGO, a Corporation, Respondent, v. M. S. BOTHNE and Sophia Bothne, Appellants.

(217 N. W. 148.)

**Attachment — when statutory attachment may not issue.**

1. An equitable action by a judgment creditor to set aside a fraudulent conveyance to the end that the property transferred may be applied in payment of the plaintiff's judgment, is not an action wherein an attachment may issue under the provisions of § 7537, Comp. Laws 1913.

**Appeal and error — order denying motion to dismiss — when not appealable.**

2. An order denying a motion to dismiss an action on the ground that the court has no jurisdiction is not appealable under the provisions of § 7841, Comp. Laws 1913.

Opinion filed December 29, 1927.

Appeal and Error, 3 C. J. § 335 p. 503 n. 45.  Attachment, 6 C. J. § 6 p. 32 n. 21.

Appeal from the District Court of the Steele County, *Cole,* J.

From an order denying the defendants' motion to dissolve an attachment and to dismiss the action on the ground of lack of jurisdiction, the defendants appeal.

That part of the order denying the motion to dissolve the attachment is reversed, otherwise the appeal is dismissed.

*J. E. Hendrickson* and *C. G. Dosland,* for appellants.

*J. J. Mulready,* for respondent.

NUESSLE, J.  This action was brought to set aside certain transfers of real property alleged to have been fraudulently made.  Plaintiff in its complaint sets out that in December, 1926, it recovered a judgment against the defendant M. S. Bothne in Cass county; that an execution was issued thereon but that such execution was returned by the sheriff of Cass county unsatisfied; that at the time the debt was incurred on account of which the judgment was obtained, the defendant M. S. Bothne was the owner of certain real property in Steele county; that after he became indebted to the plaintiff he transferred such property to his wife, the defendant Sophia Bothne; that such transfer was made with-

out consideration and with the intent on the part of both parties thereto to defraud the plaintiff and other creditors and to hinder and delay them in the collection of their debts; that such transfer was made in contemplation of the suit which the plaintiff thereafter brought and of the judgment which it obtained therein and to prevent the satisfaction of such judgment out of the property of M. S. Bothne; that the real property so transferred from M. S. Bothne to Sophia Bothne constituted all of the property and estate of M. S. Bothne and that the transfer was made for the purpose of rendering him insolvent and placing his property beyond the reach of his creditors; that notwithstanding the transfer of such property there was no change of possession and the same has remained in the actual possession and under the control of M. S. Bothne; that M. S. Bothne has no property in North Dakota other than that transferred out of which plaintiff's judgment can or could be satisfied; that both M. S. Bothne and Sophia Bothne are residents of the state of Minnesota; that the plaintiff has no adequate remedy at law in the premises; and plaintiff prays judgment that the deed and transfer of the real property in question be adjudged fraudulent and void and set aside; that such property be adjudged subject to the lien of plaintiff's judgment and satisfied out of the same; and that the defendants be accountable under the direction of the court for the whole of such property; that the plaintiff have such other and further relief as may be just and equitable in the premises.

The instant action was begun in the county of Steele. After the summons and complaint were filed the plaintiff procured the issuance of a warrant of attachment against the defendant M. S. Bothne on the ground that "he had attempted to sell and dispose of his property and was about to sell, assign, transfer or otherwise dispose of it with intent to defraud his creditors and to hinder and delay them in the collection of their debts." The plaintiff also made and filed an affidavit for publication wherein it was recited that the defendants M. S. Bothne and Sophia Bothne were residents of the city of Moorhead, Minnesota; that personal service of the summons and complaint could not be made upon them within the state of North Dakota; and that the action was brought for the purpose of excluding the defendants from an interest in specific real property within the state of North Dakota. Thereafter, and within due time, the plaintiff caused service to be made personally

upon the defendants and each of them within the state of Minnesota. Thereupon the defendants M. S. Bothne and Sophia Bothne appeared specially and moved to dissolve the attachment and dismissed the plaintiff's action upon the grounds that plaintiff's alleged cause of action gave rise to no right of attachment under the statute and that the court had no jurisdiction of the parties or of the subject matter of the action. The motion was denied and the instant appeal is from the order of the district court made accordingly.

Defendants conted that the warrant of attachment was improvidently issued; that substituted service upon them was dependent upon the attachment and that since the attachment must fall there was no sufficient service and, therefore, the court acquired no jurisdiction over the defendants or over the subject matter of the action.

The statute, § 7537, Comp. Laws 1913, provides that a warrant of attachment may issue under certain circumstances "in an action on a contract or judgment for the recovery of money only, for the wrongful conversion of personal property, or for damages, whether arising out of contract or otherwise."

This action is one for equitable relief. Its purpose is to avoid and set aside a fraudulent transfer to the end that the real property transferred shall be applied by the court in payment of the plaintiff's judgment. While the ultimate object of the suit is the satisfaction of the judgment, the suit is not for the recovery of money only, for a wrongful conversion of personal property, or for damages, and so does not fall within the purview of § 7537, supra. The warrant of attachment was therefore improvidently issued. So the order of the district court was to this extent erroneous.

But it does not necessarily follow that because the attachment falls the action must be dismissed on the challenge of the defendants to the jurisdiction of the court. Substituted service is not necessarily dependent upon the existence of a cause of action for attachment or the issuance of a valid warrant of attachment. The statute providing for substituted service, § 7428, Comp. Laws 1913, is much wider than this. Whether or not the instant action is one in which substituted service may properly be made under the statute, § 7428, supra, and whether or not the court erred in denying the defendants' motion to dismiss on the ground of lack of jurisdiction, are questions which we cannot properly

determine on this appeal.   An order denying a motion to dismiss on the ground of lack of jurisdiction is purely an interlocutory order.   The right of appeal from such an order depends wholly upon the statute. Whitney v. Ritz, 24 N. D. 576, 140 N. W. 676; Wall v. First Nat. Bank, 49 N. D. 703, 193 N. W. 51; Quarton v. O'Neil, 51 N. D. 842, 200 N. W. 1010.   The statute, § 7841, Comp. Laws 1913, enumerates the orders which may be reviewed on appeal.   Clearly the court's order denying the motion to dismiss is not one therein enumerated.   Strecker v. Railson, 19 N. D. 677, 125 N. W. 560.   See also Ryan v. Davenport, 5 S. D. 203, 58 N. W. 568.

While the order denying the motion to dissolve the attachment must be and it is reversed, the appeal, in so far as it is from that portion of the order of the district court denying the defendants' challenge on the ground of lack of jurisdiction, must be and it is dismissed and the order to that extent stands.

BIRDZELL, Ch. J., and BURKE, BURR, and CHRISTIANSON, JJ., concur.