GERTRUDE ELLINGSON, as Administratrix of the Estate of J. W. Ellingson, Deceased, Respondent, v. NORTHWESTERN JOBBERS CREDIT BUREAU, a Foreign Corporation, Appellant.

(227 N. W. 360.)

Opinion filed October 31, 1929.

*Manly & Manly* (*Todd, Fosnes & Green* of counsel), for appellant.

*S. E. Ellsworth,* for respondent.

CHRISTIANSON, J.  The defendant in this case appeared specially and moved that the service of the summons in the action be set aside. The motion was based upon the grounds that the defendant is a foreign corporation; that service of the summons in the action was made within the state of North Dakota on May 18, 1929, upon one C. E. Peterson; that said Peterson was not, at the time of such service, and never has been, a managing agent for the defendant; that said Peterson was not at the time such service was made upon him, or at any other time, acting as agent of, or doing business for, the defendant in the state of North Dakota; that the defendant did not at the time of such service have any property within the state of North Dakota and has never had any property within such state, and that said defendant did not, at the time of such service, maintain, and has never maintained, an office within the state.  After a hearing, at which evidence was submitted by both parties, the trial court made an order denying the motion and the defendant has appealed.

The plaintiff moves this court to dismiss the appeal on the ground that the order is not appealable.  In support of the motion plaintiff cites and relies upon the decision of this court in Security Nat. Bank v. Bothne, 56 N. D. 269, 217 N. W. 148.  The defendant seeks to distinguish the instant case from the case cited; but further argues that if the rule announced in Security National Bank v. Bothne, supra, is

applicable to and covers the order in this case, that then the question should be reconsidered and the former decision overruled.

Appellant concedes that the right to appeal from an interlocutory order is purely a statutory one (Stimson v. Stimson, 30 N. D. 78, 152 N. W. 132); but it asserts that the order in question here is appealable under subdivision 4, § 7841, Comp. Laws 1913, which provides that an appeal may be taken to the supreme court from an order of a district court "when it involves the merits of an action or some part thereof." In support of this contention appellant cites and relies upon the decision of the Supreme Court of Minnesota in Plano Mfg. Co. v. Kaufert, 86 Minn. 13, 89 N. W. 1124.

We have carefully considered the arguments advanced by appellant's counsel and are agreed that the order in question here falls squarely within the rule announced in Security Nat. Bank v. Bothne, supra. That case involved the question whether an appeal would lie from an order denying a motion to dismiss an action on the ground that substituted service of the summons was defective and hence the trial court without jurisdiction. In disposing of the question thus presented this court said:

"Whether or not the instant action is one in which substituted service may properly be made under the statute (§ 7428, supra), and whether or not the court erred in denying the defendants' motion to dismiss on the ground of lack of jurisdiction, are questions which we cannot properly determine on this appeal. An order denying a motion to dismiss on the ground of lack of jurisdiction is purely an interlocutory order. The right of appeal from such an order depends wholly upon the statute. Whitney v. Ritz, 24 N. D. 576, 140 N. W. 676; Wall v. First Nat. Bank, 49 N. D. 703, 193 N. W. 51; Quarton v. O'Neil, 51 N. D. 842, 200 N. W. 1010. The statute (Comp. Laws 1913, § 7841) enumerates the orders which may be reviewed on appeal. Clearly the court's order denying the motion to dismiss is not one therein enumerated. Strecker v. Railson, 19 N. D. 677, 125 N. W. 560. See also Ryan v. Davenport, 5 S. D. 203, 58 N. W. 568." Security Nat. Bank v. Bothne, supra.

We are unable to see any basis for distinguishing the case here from the case cited. The principle announced in that case is clearly

applicable to and controlling here provided the rule there announced is adhered to.

But, as said, appellant contends that the order in question here is one which involves the merits of the action or some part thereof, within the purview of subdivision 4, § 7841, and hence is appealable. In a word, appellant contends that this court ought to repudiate the rule announced in Security Nat. Bank v. Bothne, supra, and over-rule that decision, and adopt the rule announced by the Minnesota court in Plano Mfg. Co. v. Kaufert, supra.

The meaning of the phrase "involves the merits of an action" in statutes relating to appeals is (as the decisions of the courts bear ample evidence) not always easy to ascertain. See St. John v. West, 4 How. Pr. (N. Y.) 329. Whether an order denying a motion to set aside the service of a summons involves the merits of the action or some part thereof within the purview of the statute so that an appeal will lie therefrom is one upon which the authorities are not agreed. The great weight of authority, however, is to the effect that such orders do not involve the merits of the action or some part thereof so as to be appealable under statutes authorizing appeals from such orders. 3 C. J. 479; 2 Standard Proc. p. 712. That the question is a debatable one may well be assumed from the fact that it has repeatedly arisen and been presented to the courts of last resort for determination. The question was presented to this court in Security National Bank v. Bothne, supra, and after due consideration this court ruled that the order was not an appealable one. While appellant has advanced forcible argument that the order in question ought to be appealable, we are not convinced that our decision in Security Nat. Bank v. Bothne, supra, misconstrued the statute and that the rule there announced ought to be departed from. It is desirable that questions of practice should be stable; and established rules should be adhered to, unless they are clearly erroneous. Horton v. Wright, B. & S. Co. 43 N. D. 114, 174 N. W. 67.

Appellant argues, however, that if the order is not appealable it will be deprived of all relief. This argument is based upon certain language in the decisions in Bolton v. Donovan, 9 N. D. 575, 84 N. W. 357, and Northern P. R. Co. v. Barlow, 20 N. D. 197, 126 N. W. 233, Ann. Cas. 1912C, 763. In those cases reference is made to the following statutory provision (Comp. Laws 1913, § 7842): "Upon an ap-

peal from a judgment the supreme court may review any intermediate order or determination of the court below which involves the merits and necessarily affects the judgment, appearing upon the record transmitted or returned from the district court, whether the same is excepted to or not; nor shall it be necessary in any case to take any exceptions or settle a statement of the case to enable the supreme court to review any alleged error which would without a statement appear upon the face of the record." And there are certain expressions in the decisions in Bolton v. Donovan and Northern P. R. Co. v. Barlow, supra, susceptible of the meaning that § 7842, supra, authorizes the supreme court, on appeal from a judgment, to review only such intermediate orders or decisions as involve the merits and necessarily affect the judgment. The expressions in question were in the nature of an argument and were not necessary to a determination of the ultimate question involved in either case. In our opinion § 7842, supra, was not intended to restrict the scope of the review of the supreme court on an appeal from the judgment; but, on the contrary, was intended to specifically permit and require the court to review such intermediate orders as involved the merits and necessarily affected the judgment, even though no statement of case had been settled and the appeal merely brought up for review the judgment-roll proper. And this was the construction which was placed upon this section by the court in Mooney v. Donovan, 9 N. D. 93, 81 N. W. 50. In that case the question was presented whether an order denying a motion to quash an alternative writ of mandamus was reviewable on appeal from the final judgment without being made a part of the statement of case. In answering the question in the negative, this court called attention to the provisions of § 7842, supra, and also to the statute (Comp. Laws 1913, § 7688) which provides that in cases other than those in which judgment is rendered by default the judgment roll shall consist of "the summons, pleadings or copies thereof, the verdict, decision or report, the offer of the defendant, a copy of the judgment, the statement of the case, if any, and all orders and papers in any way involving the merits and necessarily affecting the judgment." It will be noted that § 7688, supra, prescribing the contents of a judgment-roll and § 7842, supra, enumerating the intermediate orders that are made reviewable on appeal from the judgment are identical in phraseology as regards orders; both specifically apply to

orders "involving the merits and necessarily affecting the judgment." That is, § 7688, supra, provides that all orders involving the merits and necessarily affecting the judgment shall be part of the judgment-roll proper; and § 7842, supra, relating to appeals provides that on appeal from the judgment all intermediate orders involving the merits and necessarily affecting the judgment may be reviewed. In short, § 7842 permits and requires that on appeal from the judgment intermediate orders that are part of the judgment roll may be reviewed, without the necessity of their being included in a settled statement of the case. If an order involves the merits and necessarily affects the judgment it becomes part of the judgment roll and is reviewable as such on an appeal from the judgment; but if an order or determination does not involve the merits and necessarily affect the judgment, it does not become part of the judgment roll. This does not mean, however, that the ruling is not subject to review on appeal from the judgment. It merely means that in order to be subject to review, it must be preserved and made part of the record by a settled statement of the case. Mooney v. Donovan, supra. The order in question here is, as we have already held (Security Nat. Bank v. Bothne, 56 N. D. 269, 217 N. W. 148), not one that involves the merits. Hence, it is not appealable. Neither will the order become a part of the judgment roll proper. In the event of an adverse judgment, however, the defendant may have the order and the record on which it is based, included in the statement of the case and the ruling will be subject to review on an appeal from the judgment. Mooney v. Donovan, supra; State ex rel. Eau Claire Dells Improv. Co. v. District Ct. 26 Minn. 233, 2 N. W. 698. Under our statute all rulings and orders of the trial court which adversely affect the party against whom judgment is rendered may be challenged on appeal from the judgment provided the proper basis is laid and the proper record presented. Comp. Laws 1913, §§ 7653, 7653a, 7656. In case of an adverse judgment the appellant here may, upon including the order in question and the record on which it is based in the statement of case, properly predicate error upon such ruling, upon appeal from the judgment.

It is also clear that in the circumstances, the defendant, having, by a properly restricted appearance, presented his objection to the service of the summons and excepted to the ruling of the trial court in over-

ruling such objection, will not be deemed to waive the objection to the jurisdiction and lose his right to challenge this ruling on an appeal from the judgment by joining issue and trying the case on the merits. Bes Line Constr. Co. v. Schmidt, 16 Okla. 429, 85 Pac. 711; 32 Cyc. p. 530 and authorities cited in note 62; 21 Standard Proc. p. 777; Vann v. Schaff, 103 Kan. 857, 176 Pac. 652; Matthews v. Montreal Min. Co. 183 Mich. 541, 150 N. W. 127. See also Miner v. Francis, 3 N. D. 549, 58 N. W. 343.

Appeal dismissed.

BURKE, Ch. J., and BIRDZELL, NUESSLE, and BURR, JJ., concur.