[File No. 6093.]

STATE OF NORTH DAKOTA, Appellant, v. HERMAN VICK, Emilie Vick, His Wife, Edith Vick and Norma Vick, Members of His Family, and VALLEY CITY, a Municipal Corporation of the State of North Dakota, Respondent.

(244 N. W. 873.)

Opinion filed October 20, 1932.

*B. L. Wilson,* for appellant.

*Earl Walter,* for respondent.

CHRISTIANSON, Ch. J.    This appeal involves a controversy as regards the legal residence of one Herman Vick and his family within the purview of the laws relating to poor relief.    The case originated in a justice's court upon the complaint of an overseer of the poor in the city of Columbus in Burke county.    The justice of the peace made an order for the removal of said Herman Vick and his family from the city of Columbus in Burke county to the city of Valley City in the county of Barnes.    The authorities of Valley City caused an appeal to be taken from the decision of the justice of the peace.    Application was also made to the district court for permission to intervene, which application was granted.    Valley City also applied for an order of the district court to prevent or stay the enforcement of the order of the justice of the peace directing the removal of Herman Vick and his family pending the appeal, which application was granted.    Thereafter the plaintiff moved the district court that the appeal taken by the overseer of the poor of Valley City from the decision of the justice of the peace be dismissed and that the order staying the enforcement of the order of removal be vacated.    Both motions were denied, and the plaintiff has appealed.

At the threshold of the case in this court we are met with a motion by the respondent to dismiss plaintiff's appeal on the ground that the orders sought to be reviewed are non-appealable.    The motion to dismiss the appeals must be granted.    The statute (§ 7841, Comp. Laws 1913) provides:

"The following orders when made by the court may be carried to the supreme court:

"1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken.

"2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment.

"3. When an order grants, refuses, continues or modifies a provisional remedy, or grants, refuses, modifies or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of § 8074 of this code; when it sets aside or dismisses a writ of attachment for irregularity; when it grants or refuses a new trial or when it sustains or overrules a demurrer.

"4. When it involves the merits of an action or some part thereof; when it orders judgment on application therefor on account of the frivolousness of a demurrer, answer or reply on account of the frivolousness thereof.

"5. Orders made by the district court or judge thereof without notice are not appealable; but orders made by the district court after a hearing is had upon notice which vacate or refuse to set aside orders previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice."

Obviously the order of the district court denying plaintiff's motion to dismiss the appeal from the justice of the peace is not an appealable order. It does not fall within any of the provisions of § 7841, supra. Beresina School Dist. v. Steinwandt, 60 N. D. 458, 235 N. W. 348; Re Weber, 4 N. D. 119, 59 N. W. 523, 28 L.R.A. 621; Strecker v. Railson, 19 N. D. 677, 125 N. W. 560; Security Nat. Bank v. Bothne, 56 N. D. 269, 217 N. W. 148.

It is, we think, equally clear that the order which stays the enforcement of the justice's order of removal during the pendency of the appeal in the district court does not fall within any of the classes of orders made appealable under § 7841, supra. The theory of the appellants seems to be that the order is one which refuses to dissolve an injunction and, hence, falls under subdivision 3 of § 7841. The order does not fall within that class. While the order sought to be vacated stayed the enforcement of the order of removal and, incidentally, prevented the removal of Herman Vick and his family pursuant thereto, this did not render the order an injunction. It was a supersedeas, or stay order,

the purpose of which was to preserve the status quo of the controversy until the merits thereof might be determined. The order was incidental to the appeal. Our statutes relating to appeal abound with provisions conferring power upon the court to stay proceedings pending the appeal; but we are aware of no provision of law authorizing an appeal from an order granting a stay of proceedings, or from an order denying a motion to vacate an order staying proceedings pending appeal. The right of appeal is statutory. Inasmuch as the statutes do not grant a right of appeal in such case, the error, if any, in granting a stay order or in refusing to vacate it, is not reviewable by appeal. Ostlund v. Ecklund, 42 N. D. 83, 84, 171 N. W. 857. The motion to dismiss the appeal must be granted. Appeal dismissed.

BURR, NUESSLE, BIRDZELL and BURKE, JJ., concur.