[File No. 6334.]

GRACE BURNS, Respondent, v. NORTHWESTERN NATIONAL BANK OF MINNEAPOLIS, MINNESOTA, a Corporation, Appellant.

(260 N. W. 253.)

474

Opinion filed April 9, 1935.

*Hanley & Hanley,* for appellant.
*Harvey J. Miller,* for respondent.

MORRIS, J. This action was brought by the plaintiff to recover the proceeds of a cashier's check issued by the Anamosa National Bank of Anamosa, Iowa, payable to the plaintiff's order, which check she deposited in the Farmers and Merchants State Bank of New England, North Dakota. The check was sent through the defendant bank and collected by it, but before remittance was made to the Farmers and Merchants State Bank of New England the latter bank closed, and at the time of its closing was indebted to the defendant Bank. Plaintiff obtained judgment.

The defendant is a national bank located at Minneapolis, Minnesota. Service of summons in this action was made upon one C. B. Bachman, an employee of the defendant at New England, Hettinger County, North Dakota, on September 10, 1932. The defendant made a motion for an order setting aside and vacating the service of summons and for the dismissal of the action upon two grounds:

First, that the defendant is a national bank organized under the National Banking Act of the United States of America, and having its place of business in the City of Minneapolis, in the county of Hennepin, and state of Minnesota, and that the courts of the state of North Dakota have no jurisdiction over the defendant.

Second, that the service of the summons was not made in accordance with the laws of the state of North Dakota for the reason that the person upon whom service was made was not acting as agent or doing

business for the defendant in the state of North Dakota at the time the service of summons was made.

The district court denied the defendant's motion and permitted the defendant to answer, which it did.

Attorneys for plaintiff and defendant extended the time for answer by stipulation. The defendant defended at the trial of the action, but before testimony was taken, its counsel objected to the jurisdiction of the court upon the same grounds as those set out in the previous motion to vacate the service of summons.

The specifications of error upon this appeal refer to the order of the trial court denying defendant's motion to vacate service of summons and dismiss the action. The order is included in the judgment roll certified to this court.

There is presented upon this appeal the question as to whether or not the courts of this state have jurisdiction in an action over a banking association organized under the National Banking Act and having its place of business in another state. National banks, such as the defendant in this case, are created under laws enacted by the Congress of the United States. Rights of such banks to sue and be sued are those granted and defined by Congressional Acts. Section 94, title 12, U. S. C. A. provides:

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any state, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

The above section is a part of the chapter entitled "National Banks." The decisions of state courts are conflicting as to whether or not it is mandatory. In the case of Crocker v. Marine Nat. Bank, 101 Mass. 240, 3 Am. Rep. 336, it is held that under § 57 of the Act of Congress of June 3d, 1864, (See U. S. C. A. title 28, §§ 41 (16) 110), a national bank could be sued in a state court only in the county or city in which the association is established. The section of the Federal Statutes referred to is similar in wording to § 94, title 12, U. S. C. A. In that case the court said:

"This section manifests the intention of congress that each of these associations should be sued, either in the federal or in the state courts,

only in the judicial district in which it is established, and in which its officers may be summoned and its books brought into court with the least interruption and inconvenience of its business."

The rule announced in Crocker v. Marine Nat. Bank, supra, is recognized in the following cases decided by state courts. Cassatt v. First Nat. Bank, 9 N. J. Mis. R. 222, 153 A. 377; Lee v. Citizens' Bank, 5 Ohio Dec. Reprint, 21, 1 Am. L. Rec. 385, 2 Cin. Sup. Ct. Rep. 298, 13 Ohio Dec. Reprint, 913.

In the case of Cooke v. State Nat. Bank, 52 N. Y. 96, 11 Am. Rep. 667, the court considered the same section as that considered by the Massachusetts court and came to the conclusion that it was permissive and that a national bank may be sued in a locality other than where its banking house is located. This decision was followed in other New York cases. Robinson v. National Bank, 81 N. Y. 385, 37 Am. Rep. 508, and in Talmadge v. Third Nat. Bank, 27 Hun, 61 (affirmed in 91 N. Y. 531). Cooke v. State National Bank of Boston has also been followed by the courts of several other states. These decisions are directly in conflict with Crocker v. Marine National Bank, supra. All of the New York cases which we have cited above are old cases. The last one was affirmed in 1883. The old New York rule is no longer followed in that state. In the case of Raiola v. Los Angeles First Nat. Trust & Sav. Bank, 133 Misc. 630, 233 N. Y. S. 301, we find that the facts present the identical question of law that we have before us. The summons in that case was served in New York upon the vice president of a national bank which had its principal place of business in Los Angeles, California. The action was on a draft drawn on the bank in favor of the plaintiff by one J. F. Walton who was the holder of a letter of credit issued by the bank. The defendant bank appeared specially and moved to vacate the service of summons upon the grounds that it could not be sued in any other place than in Los Angeles, California, where its banking house was located. The court declined to follow the old New York rule. It held that § 94, title 12, U. S. C. A. was mandatory and that the action could not be instituted in New York. In declining to follow the old rule, the court called attention to the fact that the cases supporting it were decided before the case of the First Nat. Bank v. Morgan, 132 U. S. 141, 33 L. ed. 282, 10 S. Ct. 37.

We will now discuss the holdings of Federal Courts upon the question here presented. In the case of Cadle v. Tracy, Fed. Cas. No. 2,279, 11 Blatchf. 101, a suit was brought in the supreme court of New York against a national bank located in Alabama to recover a debt, and in such suit property of the Alabama bank located in New York, was attached. The jurisdiction of the New York court was attacked on the ground that it could not acquire jurisdiction of a corporation created under the Act of Congress of June 3rd, 1864, and located in Alabama. The court held that the supreme court of New York had no jurisdiction of the suit, on the ground that jurisdiction was forbidden to it by § 57 of the Act of June 3d, 1864. The case of First National Bank of Charlotte v. Morgan, which we cited in our discussion of Raiola v. Los Angeles First Nat. Trust & Sav. Bank, 133 Misc. 630, 233 N. Y. S. 301, supra, involved a suit against a national bank to recover back twice the amount of interest illegally collected. The suit was instituted in the superior court of Cleveland county, North Carolina. The defendant bank was established in Mecklenberg County in that state. It was held that since the bank had not raised the question of jurisdiction in the lower court, it could not claim immunity from suit in a lower court for the first time upon appeal, but in discussing this immunity, the court said:

"This exemption of national banking associations from suits in state courts, established elsewhere than in the county or city in which such associations were located, was, we do not doubt, prescribed for the convenience of those institutions, and to prevent interruption in their business that might result from their books being sent to distant counties in obedience to process from state courts. Bank of Bethel v. Pahquioque Bank, 14 Wall. 383, 394, 20 L. ed. 840, 842; Crocker v. Marine Nat. Bank, 101 Mass. 240. But without indulging in conjecture as to the object of the exemption in question, it is sufficient that it was granted by Congress, and, if it had been claimed by the defendant when appearing in the Superior court of Cleveland county, must have been recognized."

The case of Casey v. Adams, 102 U. S. 66, 26 L. ed. 52, while not strictly in point decides a matter bearing upon the question under consideration. The point considered in that case was, "whether a national bank can be sued in a state court in a local action in any other county

or city than that where the bank is located." The court, after quoting § 5198, Rev. Stat., which is substantially the same statute that we have under consideration in this case, stated:

"This, we think, relates to transitory actions only, and not to such actions as are by law local in their character. Section 5136 subjects the banks to suits at law or in equity as fully as natural persons, and we see nowhere in the Banking Act any evidence of an intention on the part of Congress to exempt banks from the ordinary rules of law affecting the locality of actions founded on local things. The distinction between local and transitory actions is as old as actions themselves, and no one has ever supposed that laws which prescribed generally where one should be sued, included such suits as were local in their character, either by statute or the common law unless it was expressly so declared."

The case which we are considering is a transitory action. The defendant is a national bank located in another state. We are determining the meaning of a federal statute. Great weight should be given to the construction placed upon it by federal courts.

"National Banks are instrumentalities of the federal government created for a public purpose, and as such necessarily subject to the paramount authority of the United States." Davis v. Elmira Sav. Bank, 161 U. S. 275, 40 L. ed. 700, 16 S. Ct. 502. The courts of this state have no jurisdiction over the defendant under the facts here presented, unless the defendant has waived its right to object to the jurisdiction by proceeding as it has.

The plaintiff contends that since the defendant stipulated for an extension of time within which answer might be made, submitted a general answer asking for a dismissal of the action with costs, and appeared and defended at the trial of the case, that it has submitted. to the jurisdiction, and that all objections thereto have been waived. In this we cannot agree with the plaintiff. The order of the trial court denying the defendant's motion to vacate service of the summons was not an appealable order. Ellingson v. Northwesterin Jobbers Credit Bureau, 58 N. D. 754, 227 N. W. 360. It is an intermediate order, and even though it may not affect the merits, it will be reviewed in this court on an appeal from the judgment, if proper steps have been taken to preserve and present the record to this Court. In this case,

the record shows that at all times the defendant intended to have the order denying its motion to vacate the service of summons reviewed on appeal, and acted in accordance with such intention. Before testimony was taken at the trial, counsel for defendant made a record of his objections to the jurisdiction of the court. Specifications of error refer to the order complained of and the order itself is included in the judgment roll and is presented to this court. The fact that the defendant answered and defended at the trial of the action does not constitute a waiver of jurisdictional objections, in view of the steps taken by the defendant to preserve these objections and present them on this appeal. Ellingson v. Northwestern Jobbers Credit Bureau, 58 N. D. 754, 227 N. W. 360; Coyne v. Plume (1916) 90 Conn. 293, 97 A. 337; Foster Milburn Co. v. Chinn (1913; C. C. A. 2d) 202 F. 175.

The attorneys for plaintiff and defendant stipulated that the time for answering be extended. This stipulation did not either expressly or impliedly waive the objections to the jurisdiction of the court previously made by the defendant. It merely extended the time within which the defendant might answer. Since the answer itself, when made, did not waive objections to the jurisdiction, the mere stipulation that such answer might be made after the time provided by the statute cannot be considered such a waiver.

Since it appears that the court had no jurisdiction for the reasons which we have stated above, it is unnecessary to consider the other questions presented on appeal.

It follows that the judgment appealed from should be reversed and judgment entered for a dismissal of the action.

BURKE, Ch. J., and NUESSLE, BURR and CHRISTIANSON, JJ., concur.