[File No. 7012]

## IN THE MATTER OF THE ESTATE OF JAMES GLAVKEE, DECEASED

GLEN NELSON, James Nelson, Clarence Nelson and Marion Olson, Appellants, v. CHRISTINE CHADWICK, Appellee, and John H. Hanson, Christ Glavkee, Carl Glavkee, Evelyn Westling and Reynold Nelson, Appellees.

(25 NW2d 925)

Opinion filed February 8, 1947

*Murray & Murray,* for appellants.

*Emil Giese, Hanley & Hanley* and *T. Hyland,* for respondents.

Per Curiam. The Last Will and Testament of James Glavkee was admitted to probate in the County Court of Grant County and final decree of distribution was entered in such court on the 17th day of March, 1945. Thereupon the respondents, Glen Nelson, James Nelson, Clarence Nelson and Marion Olson, appealed from the said decree of distribution to the District Court of Grant County on questions of law and fact and demanded a trial anew in the district court. ND Rev Code 1943, § 30-2623.

The matter came on for trial in the district court pursuant to the appeal and evidence was adduced. The court took the cause under advisement and while it was being considered by the court, John H. Hanson, Christ Glavkee, Carl Glavkee and Evelyn Westling, appellees on the appeal from the county court, moved that the record be remanded to the county court for the introduction of further evidence, to-wit: a certain deed. Such motion came on to be heard pursuant to notice and the trial court made an order that the record be remanded to the county court for the purpose of permitting said court to receive and file and probate a certain deed as a part of the Last Will and Testament of James Glavkee, deceased.

Glen Nelson, James Nelson, Clarence Nelson and Marion Olson, appellants on the appeal from the county court, have appealed from the order of the district court directing that the above entitled cause be remanded to the county court for the purpose of permitting the appellees to introduce additional evidence and to permit the county court to receive and file and probate a deed as a part of the Last Will and Testament of James Glavkee, deceased.

The appellees have moved that the appeal be dismissed on the ground that the order of the district court is nonappealable.

The right to appeal from an interlocutory order is statutory. It exists in such cases, and in such cases only, as are prescribed by law. Ellingson v. Northwestern Jobbers Credit Bureau, 58 ND 754, 227 NW 360; Burdick v. Mann, 59 ND 611, 231 NW 545.

Under the laws of this state an appeal lies to the Supreme Court only from the following orders made by the district court:

"1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;

2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment;

3. An order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of section 35–2204, or which sets aside or dismisses a writ of attachment for irregularity;

4. An order which grants or refuses a new trial or which sustains a demurrer;

5. An order which involves the merits of an action or some part thereof;

6. An order for judgment on application therefor on account of the frivolousness of a demurrer, answer, or reply; or

7. An order made by the district court or judge thereof without notice is not appealable, but an order made by the district court after a hearing is had upon notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice." ND Rev Code 1943, § 28–2702.

It is perfectly clear that this order does not come within the terms of subdivisions 1, 2, 3, 4, 6 or 7 of § 28–2702, supra. But the appellant contends that the order involves the merits of the action or some part thereof and falls within the provisions of subdivision 5 of § 28–2702, supra.

"The meaning of the phrase 'involves the merits of an action or some part thereof' in statutes relating to appeals from interlocutory orders has been considered by many courts and legal writers; it has also been considered by this court in many cases. It is not always easy to determine whether a given order

falls within the provisions of such statutes. Ellingson v. Northwestern Jobbers Credit Bureau, 58 ND 754, 227 NW 360.

In Bolton v. Donavan, 9 ND 575, 84 NW 357, this court said: 'The term "merits" as used by the profession, when applied to actions, usually denotes the subject or ground of an action as stated in the complaint, or the grounds of defense as stated in the answer; and a trial of the merits of an action generally means the elicitation of evidence in support of the averments of fact set out in the pleadings. But the courts, in construing statutes governing appeals from interlocutory orders, have frequently enlarged this meaning, and have held that the phrase, "involves the merits," must be so interpreted as to embrace orders which pass upon the substantial legal rights of the suitor, whether such rights do or do not relate directly to the cause of action, or subject-matter in controversy.'

The Encyclopædia of Pleading and Practice (2 Enc Pl & Pr 75) says: 'Where statutes allow an appeal from interlocutory orders "affecting a substantial right" or "involving the merits," an order in the nature of a final judgment decisive of some question or point in the case is meant, as distinguished from mere rulings on matters of practice arising during the progress of the cause.'

In Corpus Juris (3 CJ 452) it is said: 'An order "involving the merits," within the meaning of the statute, must be decisive of the question involved in the cause or of some strictly legal right of the party appealing as distinguished from mere questions of practice.'" Burdick v. Mann, 59 ND 611, 615, 616, 231 NW 545, 547.

The order sought to be reviewed on this appeal is clearly interlocutory. It was made before the trial had been completed. It is an intermediary step in the proceedings in the court in which the case is being tried and does not determine the action or the rights of the parties in the controversy. It is "an order of the court made in the progress of the cause requiring something to be done or observed but not determining the controversy." Western U. Teleg. Co. v. Locke, 107 Ind 9, 7 NE 579, 580. The effect of the order is to leave the action for trial and determina-

tion in the district court, and for rendition of judgment therein. Whitney v. Ritz, 24 ND 576–580, 140 NW 676; Ellingson v. Northwestern Jobbers Credit Bureau, 58 ND 754, 227 NW 360, supra; Union Brokerage Co. v. Jensen, 74 ND 154, 20 NW2d 343; Re Bratcher, 74 ND 12, 24 NW2d 54. It is not an order which involves the merits of an action or some part thereof.

Appeal dismissed.

CHRISTIANSON, Ch. J., and MORRIS, BURKE, NUESSLE and BURR, JJ., concur.