12

[File No. 7030]

IN THE MATTER OF THE ESTATE OF MARTHA BRAT-
CHER, deceased, MARTHA EBERLEIN, Petitioner, Re-
spondent, v. Eleanor Eberly, Ruth Herstein, Kathleen Eber-
lein, Eggert and Frank Waggendorf, Ike Bratcher, Re-
spondents, IKE BRATCHER, Appellant.

(24 NW2d 54)

Opinion filed September 11, 1946

*J. K. Murray* and *William S. Murray,* for appellant.
*Sullivans, Fleck & Higgins,* for respondent.

BURR, J.   The respondent here was the petitioner in a proceed-
ing in the county court of Hettinger county involving the pro-
bate of a will, and from the order and decree of the county court
refusing probate to the will she appealed or attempted to appeal
to the district court.   The appellant here was a respondent in
the proceedings and made a special appearance in the district
court "for the purpose of objection to the jurisdiction of the
Court only" and moved the district court to dismiss this appeal
from the county court setting forth six grounds for his motion,
which grounds culminate in the sixth—"That the District Court
has no jurisdiction on either the subject matter nor the persons
of the case for the Appeal."   The district court denied the mo-
tion and this appeal was taken.

Respondent here asserts that such order of the district court is not an appealable order. This contention is correct.

Section 28–2702 of the Revised Code of 1943 specifies seven classes of orders which are reviewable by this court on appeal. Appellant devotes his brief to a discussion of the appeal from the county court to the district court, in an attempt to show that the appeal from the county court was so defective it failed to confer jurisdiction upon the district court, and:

"The only way appellant, Ike Bratcher, could attack the jurisdiction of the district court was: (a) To appear specially and move for dismissal of the appeal from the county court, which he did, and (b) In the event the district court denied his objection and motion, then to appeal from such decision, to the Supreme Court; and, (c) If the appellant, Ike Bratcher, did not do this, but entered into a trial on the merits in the district court, he would thereby waive jurisdiction, because the service of the notice of appeal from the county to the district court goes to the jurisdiction over the person only, and a general appearance in the district would constitute a waiver of such service of notice of appeal."

In Ellingson v. Northwestern Jobbers Credit Bureau, 58 ND 754, 227 NW 360, we hold that an order of the district court denying a motion to vacate the service of a summons on the ground that, "the service was and is wholly ineffective and the court without jurisdiction of the person of the defendant, is not an appealable order . . . ."

In Baird v. Lefor, 52 ND 155, 201 NW 997, 38 ALR 807, we hold that, "An order overruling an objection to the jurisdiction of a judge to hear and determine a cause is not appealable . . . ."

In Bennett v. Bennett, 54 ND 86, 208 NW 846, we hold, "An order of the district court overruling an objection to the jurisdiction of the court and setting aside a special appearance is not appealable."

The contention of appellant, that unless he can appeal from the order he will have waived his objection to the jurisdiction of

the court over him and consequently will lose the value of his special appearance, is unfounded. In the Ellingson Case cited, we hold specifically that the ruling involved therein—the order of the court overruling the objection to its jurisdiction—is subject to review on appeal from the judgment of the district court, provided it is preserved and made a part of the record by a settled statement of the case. We say, "In the event of an adverse judgment, however, the defendant may have the order and the record on which it is based, included in the statement of the case and the ruling will be subject to review on an appeal from the judgment." We say further, "In case of an adverse judgment the appellant here may, upon including the order in question and the record on which it is based in the statement of the case, properly predicate error upon such ruling, upon appeal from the judgment."

Such ruling governs here and as we say in Burns v. Northwestern Nat. Bank, 65 ND 473, 260 NW 253, "the defendant by answering and trying the case on the merits, did not waive its objections to the jurisdiction of the court made by motion to vacate service of summons and to dismiss action." In this later case we state also, "The fact that the defendant answered and defended at the trial of the action does not constitute a waiver of jurisdictional objections, in view of the steps taken by the defendant to preserve these objections and present them on this appeal."

The order involved is not an appealable order and therefore the appeal therefrom is dismissed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and MORRIS, JJ., concur.