[File No. 7099]

IN THE MATTER OF THE ESTATE OF MARTHA E.
BRATCHER, Deceased.

MARTHA EBERLEIN, Appellant, v. IKE BRATCHER,
Appellee, and Eleanor Eberly, Ruth Herstein, Kathleen
Eberlein Eggert and Frank Wagendorf, Respondents.

(34 NW2d 825)

Opinion filed November 24, 1948.

*Sullivan, Fleck, Kelsch & Lord,* for petitioner and appellant.
*Murray and Murray,* for appellee.

Morris, J. This appeal involves the validity of an instrument entitled "Last Will and Testament of Martha E. Bratcher." It was signed by the testator in a hospital in Minneapolis, Minnesota on March 25, 1944, and is in proper form and valid on its face. Martha E. Bratcher died in the same hospital on May 11, 1944. Thereafter the will was duly presented for probate in the County Court of Hettinger County, North Dakota by Martha Eberlein, mother of the decedent, and chief beneficiary under the will. On June 4, 1945, after a hearing had thereon, a decree was entered by the Judge of the County Court in which it was held that the instrument in question "is an invalid will and is not the will of Martha E. Bratcher, deceased; and that said will is hereby declared null and void and of no legal force;".

The parties to the proceeding in County Court were the petitioner, Martha Eberlein and the respondents, Ike Bratcher, husband of the deceased, Ruth Herstein, a niece, Eleanor Eberly, a niece, and Katherine Eberlein Eggert, a sister, whose first name sometimes appears in the record as Kathleen. Frank Wagendorf was also made a party and was named in the will as executor, but declined to serve.

The will disposed of the decedent's property as follows:

## Article I

"I direct the payment by my executor out of my estate of all my just debts allowed in the course of administration, and the expenses of the last illness and funeral, the expenses of administration of my estate and all inheritance, estate and legacy taxes.

## Article II

"I give and bequeath to my husband Ike Bratcher such portion of my estate as is necessary under the statutes of the state of North Dakota in order that he may not contest this my last will and testament. If it is not necessary to give my said husband any portion of my estate in order to make this a valid will, then I leave him nothing. In any instance it is my desire and I direct that the portion of my estate which he may receive under this my last will and testament shall constitute in part at

least of the promissory note which I hold against him. If my estate, is sufficient in size so the amount due on said note is more than the share he shall take under the statutes, then I direct that he have such portion of said note as may be due him.

## Article III

"I have stored at the home of my friend Earl Buchannan of Mott, North Dakota, certain personal effects. I give and bequeath said personal effects to my mother Martha Eberlein.

## Article IV

"I give and bequeath unto my niece Eleanor Eberly all of my good dishes in the buffet and china cabinet of my home, and I also give all my books and jewelry to said niece.

## Article V

"All of my colored dishes located in the buffet of my home, I give to Ruth Herstein, my niece.

## Article VI

"All the rest, residue and remainder of my estate of whatever nature and wherever situate, including my automobile, I give, devise and bequeath to my mother Martha Eberlein if she survives me, and if she does not survive me, then it is my desire and I direct that all of the residue of my estate of whatever nature, and wherever situated shall descend to and become the property of my sister Katherine Eberlein Eggert."

The validity of the will was challenged by the respondent, Ike Bratcher, upon the ground that at the time of its execution the deceased was not competent and that the purported will was executed by the deceased under duress, menace, fraud and undue influence of the petitioner and other relatives.

On July 3, 1945, attorneys for Martha Eberlein prepared a notice of appeal to the District Court from the decree entered by the County Court on June 4, 1945. This notice was addressed to Ike Bratcher, one of the respondents, and to J. K. Murray, his attorney, Bismarck, North Dakota. It was served by mailing a copy on July 3, 1945, to Bratcher's attorney by

registered mail. It was neither personally served upon nor was a copy mailed to the respondent Bratcher. The notice of appeal with bond prescribed by statute, was filed in the County Court July 5, 1945. Pursuant to the notice of appeal, the records of the County Court were duly transmitted to the District Court of Hettinger County whereupon the appellee, Ike Bratcher, made a motion in District Court for the dismissal of the appeal upon the ground that no notice of appeal was ever served upon the appellee or his attorney in the manner provided by law and upon the further ground that the notice of appeal was neither directed to nor served upon any of the respondents named in the County Court other than Ike Bratcher and that such omitted respondents are necessary parties to the appeal under the provisions of Section 30–2603, RCND 1943. The petitioner, Martha Eberlein, then moved the District Court for an order remanding the records and files to the County Court. This motion was granted. After remand, the petitioner, Martha Eberlein, applied to the County Court for leave to amend the notice of appeal and undertaking by adding the names of all of the respondents in County Court and asked for an order extending the time for service of the notice of appeal upon the added appellees, under the provisions of Section 30–2606, RCND 1943. On November 21, 1945 the County Court denied this application whereupon the petitioner, Martha Eberlein, served a notice of appeal from the County Court's order denying the application. The record then went back to the District Court. On August 15, 1946 the District Court made an order denying Ike Bratcher's motion to dismiss the original appeal from County Court. Bratcher attempted to appeal from this order to the Supreme Court. In Eberlein v. Eberly, 74 ND 12, 24 NW 2d 54, we held that an order of the District Court refusing to dismiss an appeal from the County Court is not an appealable order and that the question of whether the refusal to dismiss was erroneous may be reviewed upon a proper record in an appeal from final judgment. The case was brought on for trial in the District Court of Hettinger County before a jury on February 18, 1947. At the commencement of the trial the appellee, Ike Bratcher, objected to the jurisdiction of the court upon the

grounds set forth in his previous motion to dismiss the appeal. The District Court overruled the objection to the jurisdiction and the trial proceeded. The jury found the will to be invalid. On March 6, 1947 judgment was entered pursuant to the verdict, determining that the purported will is not the will of Martha E. Bratcher, is null and void, and that the decree of the County Court of Hettinger County dated June 4, 1945 from which the appeal was taken is affirmed. The appellant, Martha Eberlein, then made a motion for judgment notwithstanding the verdict, which was denied by the trial court on September 25, 1947. In the meantime the appellant served a notice of appeal to the Supreme Court from the aforesaid judgment which notice was filed in the office of the Clerk of the District Court on September 13, 1947. The record does not include an appeal from the order of the District Court denying the motion for judgment notwithstanding the verdict, which order was made subsequent to the filing of the notice of appeal from the judgment.

Under the state of the record now before us we must determine whether there was a valid appeal to the District Court from the decree of the County Court dated June 4, 1945, in which the will was held invalid. The original notice of appeal to the District Court was addressed to but one respondent, Ike Bratcher, whose residence and post office address is shown by this record to be Mott, North Dakota. Mott is the county seat of Hettinger County. The notice was mailed to Bratcher's attorney at Bismarck, North Dakota on July 3, 1945. He contends that this was not valid service on Bratcher.

Chapter 30-26, RCND 1943 deals with appeals from a County Court to the District Court of the same county. Section 30-2602 designates the parties to an appeal as being those persons who were parties in the County Court and those who have or claim in the subject matter an interest or right affected by the appeal. The next Section, 30-2603, provides that "To effect an appeal, the appellant must cause a notice of appeal to be served on each of the other parties and must file such notice with the proofs of service, and an undertaking for appeal, in the county court, within thirty days from and after the date of the order

or decree. . . ." Under Section 30–2606, when a notice of appeal has been served on some of the parties but service has not been obtained on all through mistake or excusable neglect, the County Court may upon proper showing "Extend the time for perfecting the service or other act and may permit an amendment accordingly upon such terms as justice requires." Chapter 30–26 does not specify the manner of making service of a notice of appeal. For this we must look elsewhere.

Chapter 30–02, RCND 1943 prescribes pleading and process in probate matters. Section 30–0209 requires that "Except as otherwise provided in section 30–0211, a citation in county court must be served personally upon each respondent who resides within the county in which the proceeding is pending . . . ." Section 30–0211 requires specified citations to be served personally or by publication; a provision which is clearly not applicable to notices of appeal. However, this section further provides that "Service of every other citation *required to be made by this title* may be made by mailing a copy thereof, postage prepaid, at least fifteen days before the day fixed therein for hearing, to each of the respondents by registered mail. The filing of an affidavit of mailing shall be prima facie proof of service upon the party to whom such citation was mailed."

Section 30–0210 as amended by Chapter 227, Session Laws of North Dakota 1945, provides for service upon respondents residing outside of the county. The respondent Bratcher resided in the county and this section, therefore, is not applicable to him.

We now come to a statutory provision which makes the manner of the service of citations provided for by the sections just mentioned applicable to notices of appeal from county to district courts. It is Section 30–0212 which says "all citations, notices and papers of every kind *required to be served by the provisions of this title* shall be served in the manner provided by sections 30–0209, 30–0210, and 30–0211." The manner of service upon respondents residing within the county is personal service or service by registered mail. In this instance the notice of appeal was served by registered mail but not upon the respondent, Bratcher. It was served upon his attorney of record

in this proceeding. Section 30–0219 provides that "if any person upon whom service *is required to be made by the provisions in this chapter* has an attorney of record in the case, service may be made on such attorney. Such service shall be deemed service on the person represented by the attorney."

The appellee, Bratcher, argues that the provision for service upon an attorney of record appearing in Chapter 30–02, referring, as it does, to "the provisions of this chapter" is not applicable to the service of notices of appeal that are provided for under Chapter 30–26. "This chapter" obviously has reference to Chapter 30–02 and to service that is required by its provisions. Service of notices of appeal is not required by that chapter but by Chapter 30–26. Thus it appears that the position of the appellee is well taken. Notices of appeal from the county to the district court may not be served upon attorneys of record but in order to confer jurisdiction upon the appellate court must be served upon the parties themselves "in the manner provided by sections 30–0209, 30–0210, and 30–0211."

We will now consider the next challenge to the validity of the appeal which is the omission of necessary parties from the notice of appeal and the failure to serve the notice on such parties. In the County Court Eleanor Eberlein, Ruth Herstein, Kathleen Eberlein Eggert and Frank Wagendorf, as well as Ike Bratcher, were parties respondent. The appellant herein argues that Bratcher is really the only party in interest in the appeal and therefore *the* only necessary party. In support of this position it is pointed out that Eleanor Eberlein and Ruth Herstein, nieces, were given small bequests which are dependent upon the validity of the will, that the only interest these respondents have in the proceedings is furthered by the appeal and that in event the appeal fails, the nieces will lose their bequests. It is urged that the interest of Kathleen Eberlein Eggert under the will was contingent on the death of Martha Eberlein prior to that of the decedent, and that by the terms of the will and the course of events this respondent did not become a legatee because the contingency was eliminated when Martha Bratcher died during the lifetime of Martha Eberlein. It is also pointed out that Frank Wagendorf was merely named

executor under the will and having declined to act, was no longer an interested party.

Probate procedure including that applicable to appeals from the County Court to the District Court is wholly statutory. Substantial compliance is required to give validity to the acts of the parties seeking judicial relief. Anderson v. Wells, ante, 163, 34 NW2d 413. Section 30–2602, provides that "Each person who was a party to a proceeding in the county court, and each other person who has or claims in the subject matter of a decree or order made by the court a right or interest which is affected by an appeal, must be made a party to the appeal."

In Novak v. Novak, 73 ND 41, 11 NW2d 64, this statute was considered. It was there determined and expressed in the third paragraph of the Syllabus by the Court that "Only those having an interest in the subject matter of an appeal need be made parties thereto." In the opinion we said, "The final decree of the court vested all of the estate in Ludmila Novak. Hence, neither Robert, Emilie, or Henry, the children, had any interest in the estate. They did not appeal from the order admitting the will to probate and they did not appeal from the decree of final distribution. None had any interest in the estate; hence, none of them was a necessary party. The only person interested in the estate was Ludmils Novak and under the decree of distribution she got the entire estate, was required to pay the fees allowed the administrator, and whatever would be the inheritance or estate tax. As stated by the county court, the only issue before him was the amount of fees to be paid to the executor. Clearly these children assented to this determination, and as said heretofore did not appeal therefrom. . . .

.   .   .   .   .   .   .   .   .   .   .   .   .

"On this appeal these children have no interest in the issue. They are not required to pay any portion of the commission allowed the administrator. They are in no way affected by the appeal or by the decision of the district court. They were no longer interested in the estate. The notice of appeal did not hold up any interest they had, nor did the decision of the county

court or the district court in any way affect them; nor can any decision rendered by this court in this case affect them."

The statute above quoted may appear to require that all of the persons who were named as parties in the proceedings in the County Court be made parties to the appeal. We must construe the statute however in the light of reason and of the rule that "the law neither does nor requires idle acts." Section 31–1105, Maxim 23 RCND 1943. Thus it is proper to construe the term "party" as used in the statute to mean a person who has or claims an interest in the subject matter in controversy and not merely one whose name may appear in the list of parties named in a proceeding but is not interested in the result. A person who has or claims no interest in the subject matter is not a party within the contemplation of the statute under consideration. This is the principle that was applied in Novak v. Novak, supra. Applying that same principle to this case we find that neither Kathleen Eberlein Eggert nor Frank Wagendorf had or have an interest in the subject matter of this controversy. The former is not an heir at law of the deceased. In event the will is held invalid she does not inherit. She takes nothing under the will if its validity is established. Wagendorf is neither an heir at law nor a legatee or devisee. He was named as executor under the will but having declined to act is no longer interested in the proceedings.

The situation is entirely different with respect to Eleanor Eberlein and Ruth Herstein who have an interest in the estate by virtue of the terms of the will. It is earnestly argued that their interests are served by the appeal and are not antagonistic to it, and that since they are not adverse parties to the appellant, it was not necessary to make them parties to the appeal. It is to be noted that the statute under consideration does not limit necessary parties to those whose interests are adverse to the appellant. They must be made parties if they have a right or interest which is affected by the appeal. Consistent with our holding in the Novak case the statute clearly embraces those having an interest in the subject matter of the appeal, whether that interest is served by the appeal or is opposed to it.

Further support for our construction of the statute under

consideration is to be found in the nature of the appeal and the procedure to be followed in the District Court. Section 30–2623, provides that "If an appeal from a decree or an order of a county court is taken generally, all the issues must be tried and determined anew in the district court and the court must hear the allegations and proofs of the parties and determine all questions of law and fact arising thereon according to the mode of trying similar issues originating in that court, except that an issue involved in the probate of a will and issues arising upon a petition for the allowance of a claim or demand for money only must be tried according to the mode of trying issues to a jury if a jury is demanded."

Thus upon a general appeal such as is here involved, the case is not tried upon the record made in the County Court but upon a new record made in the District Court. It is, therefore, imperative that each person who is disclosed by the record to have an interest in the subject matter of the appeal is a necessary party to the proceedings in the appellate court. Failure to make persons required by the statute parties to the appeal is fatal to the jurisdiction of the appellate court. Necessary parties were omitted from the notice of appeal and were not served. The County Court in the exercise of its discretion refused to permit the notice of appeal to be amended and to extend the time for service of the notice on those parties beyond the statutory period of thirty days from the date of the decree from which the appellant sought to appeal.

We determine that for the foregoing reasons a valid appeal was not perfected to the District Court and the appeal should have been dismissed upon motion of the appellee, Ike Bratcher. It follows that no jurisdiction was vested in the District Court to try the case and render the judgment from which this appeal is taken.

In unchallenged instructions the trial court submitted to the jury the question of whether Martha Bratcher, at the time she executed the will, was mentally competent and had testamentary capacity. He also told the jury that the deceased had never been declared incompetent by any court, and, therefore, the presumption was that at the time the will was made the

deceased was capable of disposing of her property by will, and that the burden was on the contestant to show her incompetency by a preponderance of the evidence. Under these instructions the jury found the will to be invalid. Our decision of the procedural questions herein considered determines this appeal. Nevertheless, we have considered the sufficiency of the evidence to sustain the verdict under the challenge of the appellant. The record is voluminous with respect to the competency of the deceased to make the will in question. The evidence is conflicting. When the record is considered as a whole, it appears that the questions of competency and testamentary capacity were questions of fact for the jury, and that the findings of the jury with respect thereto are binding upon this court. Keller v. Reichert, 49 ND 74, 189 NW 690; Black v. Smith, 58 ND 109, 224 NW 915. Our review of the evidence leads us to the conclusion that it is sufficient to warrant the verdict and that in the absence of decisive procedural questions the verdict would be sustained.

The case is remanded to the District Court with directions to enter an order dismissing the appeal which pursuant to Section 30-2621 RCND 1943 will effect the affirmance of the decree of the County Court dated June 4, 1945 from which the original appeal was attempted.

BURKE and NUESSLE, JJ., and GRIMSON, District J., concur.

CHRISTIANSON, Ch. J., BURR, J., did not participate.