IN THE MATTER OF THE ESTATE OF
ETHOL G. McINTYRE, Deceased.

CATHERINE WEISS, ADA J. HONG, INA NERISON, GLADYS MULCAHY, MARK MUNDY, ROBERT J. MUNDY, and MARION ELGREN, Contestants and Appellants, v. JOHN A. STORMON, Petitioner and Appellee, and Charles Rosscup, Eva M. Stormon, Fred W. Rosscup, Francis Rosscup, Elmer Rosscup, Kenneth Rosscup, and Norinne Evenstad, and every other person who has or claims an interest or right herein, Respondents.

(47 NW2d 527)

Opinion filed May 7, 1951

*C. A. Waldron* and *Bruce Van Sickle* (John Arneson and Robert Elliot, Jr., of counsel) for appellant.

12

*Clyde Duffy, Roland A. Heringer* and *J. Howard Stormon,* for respondent.

14

PER CURIAM. This is an appeal from a judgment of the District Court of Pierce County dismissing an appeal from the County Court of Pierce County in a proceeding for the probate of the last will and testament of Ethol G. McIntyre, deceased. The petition for proof and probate of the last will and testament of Ethol G. McIntyre was filed in the County Court of Pierce County in this state on July 19, 1948. The county court issued its citation hearing petition for proof and probate of will returnable at 2 o'clock P. M. on August 10, 1948. The citation was duly served on the respondents in the proceeding and on the return day there appeared in court the petitioner, John A. Stormon, and one of his attorneys, Harold B. Nelson, and Bruce M. Van Sickle one of the attorneys for respondents in the proceeding. The petitioner thereupon offered proof as to the execution of the last will and testament of the deceased Ethol G. McIntyre and the required jurisdictional facts showing that the said

Ethol G. McIntyre at the time of her death was a resident of Pierce County, North Dakota, and owned real and personal property in said county. The attorney for respondents in the proceeding in county court requested time within which to file an answer and objections to the probate of the will. The court thereupon granted the request extending the time until August 26, 1948, to file answer and to serve the same upon the other parties interested in the estate. On August 26, 1948, the contestants filed their answer and objections to the probate of the will and served copies thereof on the attorneys of record for the petitioner. No other service of any kind was made upon the petitioner, and no service was made upon any of the other parties to the proceeding. On October 5, 1948, during the trial in the county court some of the contestants filed an amended answer and amended objections to proof and probate of the will and copies thereof were served upon the attorney for the petitioner in open court. No other service of such amended answer and objections was made and the trial continued. On November 18, 1948, the county court rendered its decision admitting the last will and testament of Ethol G. McIntyre to probate and appointed John A. Stormon as executor thereof pursuant to the terms of the will and on such date the county court made its findings of fact and conclusions of law and order admitting the will to probate. On November 29, 1948, notice of appeal to the district court from the order of the county court admitting the last will and testament of Ethol G. McIntyre was filed in the County Court of Pierce County, North Dakota, on behalf of the contestants. In such notice of appeal the contestants demanded a trial anew of the entire case upon its merits in the district court. On that same day the notice of appeal was served upon the attorney of record for the petitioner, John A. Stormon, as shown by the admission of service on the notice. The notice of appeal was also served upon the petitioner John A. Stormon and on the respondents in the proceeding in county court, including the contestants, by publication in the Pierce County Tribune, a weekly newspaper in Pierce County, for the period prescribed by law and there was also mailed to the petitioner, John A. Stormon, and to all the parties to the proceeding a copy of the

notice of appeal as published in the said newspaper. Such mailing was made in the manner and within the time prescribed by Section 30–0210, 1949 Supp. to NDRC 1943.

On December 10, 1948, the attorneys for the contestants and the attorneys for the petitioner entered into the following written stipulation:

"STATE OF NORTH DAKOTA IN DISTRICT COURT
COUNTY OF PIERCE      SECOND JUDICIAL DISTRICT
CATHERINE WEISS, ADA J. HONG,
INA NERISON, GLADYS MULCAHY,
MARK MUNDY, ROBERT J. MUNDY, and
MARION ELGREN,                      APPELLANTS
                      V
JOHN A. STORMON, PETITIONER APPELLEE
            AND                      STIPULATION.
CHARLES A. ROSSCUP, EVA M. STORMON,
FRED ROSSCUP, FRANCIS ROSSCUP, ELMER
ROSSCUP, KENNETH ROSSCUP, AND NORINNE
EVENSTAD, and every other person who
has or claims a right or interest herein.
                      RESPONDENTS

"Motion to produce records having been noticed herein for the 8th day of December, 1948, and the same having been heard, by the Court, the Hon. J. J. Kehoe, Judge, presiding, at the opening of the term for December, at Rugby, North Dakota; and the court having suggested in the presence of all interested attorneys that a stipulation be prepared and executed, covering such items as were desired for examination, which items were under the custody and control of the curator of the estate of Ethol G. McIntyre, in Miami, Fla., or subject to his securing, by reason of being the personal property of said decedent; Now therefore, it is hereby stipulated between the attorneys for the respective parties, as follows:

"That all books, documents, papers and correspondence belonging to Ethol G. McIntyre, and in the hands of the Curator, Julian B. Frix of Miami, Fla., or under his control, or subject

to procurement by him, as curator, may be examined by designated counsel for contestants and designated counsel for John A. Stormon; that the said counsel may determine by selection, therefrom, any items pertinent to the issues involved in the trial of contest of will herein;

"That said counsel shall join in an application to have all items selected by either attorney, forwarded by the Judge of the Probate Court of Dade Co. Fla. Hon. W. F. Blanton, to the Clerk of the District Court, Pierce County, Rugby, North Dakota.

"That counsel for the respective parties shall act with promptness and dispatch, in securing and examining and requesting the forwarding of said data so it may be received, by Dec. 29th 1948.

Dated Dec. 10th 1948.

C. A. Waldron and Bruce Van Sickle
attorneys for contestants Minot N. D.
J. Howard Stormon

Nelson & Heringer, attorneys for petitioner-appellee, Rugby, North Dakota
Sinness & Duffy, Devils Lake, N. D.
by Harold B. Nelson"

On January 18, 1949, the case came on for trial to a jury in the District Court of Pierce County with the Honorable W. H. Hutchinson, District Judge, presiding, upon the written request of Honorable J. J. Kehoe, District Judge of the Second Judicial District. After the jury had been impaneled and sworn to try the case and before any evidence had been introduced the attorney of record for the petitioner made the following objection to jurisdiction:

"At this time, may it please the Court, the jury in this matter having been sworn to try the proceedings before the Court at this time, the petitioner objects to the jurisdiction of this court to hear, try or determine any of the issues involved in this proceeding on the following grounds:

"1st. That pursuant to Section 30–0602 of the North Dakota

Revised Codes for 1943, in order to initiate the contest of a will it is requisite that the grounds of opposition to the probate thereof be served on the petitioner and a copy be served on each other party interested in the estate by mail. No copy of the answer and objections as originally filed and which are dated August 24, 1948, nor the amended objections filed in the county court and which are dated October 4, 1948, were ever served in any manner whatsoever upon the following respondents: Charles A. Rosscup, Eva M. Stormon, Fred W. Rosscup, Francis Rosscup, Elmer Rosscup, Kenneth Rosscup, and Norinne Evanstad; the persons named being nieces and nephews of the decedent and as such are parties interested in the outcome of this proceeding.

"2d. The petitioner further objects to the jurisdiction of this court to hear, try or determine any of the issues involved herein on the ground and for the reason that there was never any notice of appeal from the order of the county court admitting the will in question to probate served in the manner provided by law, in this, that the only service of the notice of appeal upon the persons named above and the petitioner was service by ordinary mail, which is not sufficient under the statute and is not a compliance therewith, the requirement of the statute being that the service be service of the notice of appeal, where made by mail, be made by registered mail; the proof of service of the notice of appeal failing to show that there was any service by registered mail upon any of the persons named herein.

"I will add a third ground, that there was never any legal service of the notice of appeal upon the petitioner, the only service as to the petitioner being service on his attorneys and by ordinary mail."

The record does not disclose that any ruling was made on the objections, but in a memorandum decision the trial court stated that at the time such objections were made the court informed the attorneys for the contestants that he would give due consideration to any motions the contestants felt obliged to make for the purpose of correcting the defects pointed out

in the objections, and that the contestants elected to proceed with the trial.

At the close of contestants' case petitioner's counsel moved for a directed verdict sustaining the validity of the will on the ground that the evidence before the court shows conclusively that the will was properly executed and witnessed and in all respects in conformity to the law; that the evidence conclusively shows that at the time of the execution of the will the testatrix was of sound mind and entirely competent to make a will; that evidence shows that she was not under any undue influence; "that the will was her own free act and deed"; that she lived for seven years after the execution of the will and never revoked the will or indicated any dissatisfaction with the execution thereof but on the contrary repeatedly stated that she had made a will and had instructed her sister to notify John A. Stormon, the executor, in the event of her death, and in other ways confirmed her act in executing her will. The court denied the motion. Counsel for the petitioner then moved for a dismissal of the appeal on the grounds urged in the objections to jurisdiction and upon the further ground that the contestants had wholly failed to establish any grounds for rejecting the will having neither shown incompetence on the part of the testatrix, nor any undue influence, nor any other fact which would interfere with the validity of the will. The motion was denied. Thereafter the petitioner through his attorneys presented his evidence. At the close of all the evidence petitioner's counsel renewed the motion for a directed verdict and upon denial of such motion renewed the motion for a dismissal of the appeal. Such motion was denied and the case submitted to the jury. The jury was unable to agree upon a verdict and was thereupon discharged. Thereafter the petitioner, John A. Stormon, moved for judgment notwithstanding the disagreement of the jury. The court entered an order denying the motion but permitting the petitioner to present any of the jurisdictional questions involved in the proceeding by proper motion either before another trial or during the course of such trial. Thereafter, in accordance with the provisions of the court's order, the petitioner Stormon filed a motion for dismissal of the contest and appeal,

The motion was based upon and recited the same grounds as those stated in the objections to jurisdiction. In disposing of the motion for dismissal of the appeal the trial court filed a memorandum opinion wherein he said:

"Two questions for decision are presented by this motion. The first question is: Does this court have jurisdiction to hear and determine the issues involved for the reason that the answer and objections and amended answer and objections to the petition for proof and probate of will were never served upon the respondents and all interested parties in the Estate of Ethol G. McIntyre, Deceased, as required by law? It appears to be a fact that the original answer and objections filed by the contestants were never served except upon the attorneys for John A. Stormon, Petitioner. It is also a fact that the amended answer and objections were served only upon the attorneys for the petitioner John A. Stormon. However, the parties, including this petitioner, proceeded to trial in the County Court under the pleadings as filed by the contestants. It does not appear that the petitioner made any proper objection in the County Court to proceeding in the trial there for the reason that the pleadings were not served in accordance with the requirement of statute. At the time of the trial of the will contest in county court the County Court had jurisdiction of all the parties by reason of the citation served in the matter of the presentation of the will for probate. The parties having proceeded to trial and judgment having been made and entered by the County Court admitting the will to probate, the petitioner is not now in a position in this court to question the service of the pleadings made in the county court. This court is therefore of the opinion that Point No. 1 made by the petitioner upon his motion is not well taken and cannot be sustained.

"We now come to the second question raised by the petitioner in his motion, and that question might be stated as follows: Does the Court have the jurisdiction to hear and determine the issues on this appeal from the county court to the district court for the reason that the contestants and appellants neglected to serve the notice of appeal upon the petitioner John A. Stormon and upon all other respondents as required by law? The fact

is that this notice of appeal was never served upon the petitioner and the respondents by registered mail. The petitioner and respondents were not residents of Pierce County, North Dakota. A careful study of our statutes and the interpretation thereof as made by our Supreme Court in the recent decision, In re Bratcher's Estate, 34 NW2d 825, leads the Court to the conclusion that the statute requires in case of an appeal from county court to district court that service of the notice of appeal be made by registered mail. The proper service of notice of appeal is jurisdictional. If an appeal is to be properly perfected the statute must be complied with. The petitioner made proper objection before the trial of this action upon appeal. Upon the authority, therefore, of the case In re Bratcher's Estate as above cited, this court is of the opinion that the contestants have failed to serve their notice of appeal as required by law, and that therefore this court is without jurisdiction to hear such appeal, and the Court must grant the motion of the petitioner dismissing the appeal."

The trial court made an order in conformity with the views expressed in the memorandum opinion that the appeal of the contestants from the county court be dismissed and that judgment be entered accordingly. Thereupon judgment was entered dismissing the appeal, and the contestants have appealed from such judgment.

It will be noticed that the trial court held that the first ground stated in the objections to jurisdiction and in the motion to dismiss the appeal could not be sustained. We agree with such determination of the trial court. The alleged defect there asserted related to proceedings had in the county court, and as pointed out by the trial court it does not appear that any objection was made in the county court and that court heard the parties and tried the questions in controversy between the parties on their merits. Upon the trial in the county court the parties had available for use and used the answer and objections that had been filed by the contestants. The fact that the answer and objections had not been served prior to the hearing in the county court did not affect the jurisdiction of the district court on appeal from the decision of the county court.

The contestants contend, however, (1) that the notice of appeal was served in a manner provided by law; and (2) that the petitioner recognized the case as being in the district court and without any objection to the court's jurisdiction participated in the trial and thereby waived any defect in service of notice of appeal and brought himself within the jurisdiction of the court. In our opinion both of these contentions are well founded and will be considered in the order stated.

The contention that the notice of appeal was served in a manner provided by law requires a consideration of the laws of this state relating to service of such notice.

Chapter 30–26, NDRC 1943, relates to appeals from the county court to the district court. Such statute provides:

"Any party to a proceeding in county court, . . . who deems himself aggrieved by a decree or any order affecting a substantial right made by a county court, may appeal to the district court of the same county." NDRC 1943, 30–2601.

"Each person who was a party to a proceeding in the county court, and each other person who has or claims in the subject matter of a decree or order made by the court a right or interest which is affected by an appeal, must be made a party to the appeal." NDRC 1943, 30–2602.

"To effect an appeal, the appellant must cause a notice of the appeal to be served on each of the other parties and must file such notice with the proofs of service, and an undertaking for appeal, in the county court, within thirty days from and after the date of the order or decree. If the party taking an appeal files such notice and announces the filing orally in open court at the time the decision is given, no other or further service of the notice is necessary." NDRC 1943, 30–2603.

Said Chapter 30–26, NDRC 1943, however, does not specify the manner of service of notice of appeal on an appeal from the county court to the district court and it becomes necessary to look elsewhere in the code relating to judicial procedure in probate (NDRC 1943, Title 30) to ascertain what provision is made for such service. Such code provides as follows:

"Except as otherwise provided in section 30–0211, a citation in county court must be served personally upon each respondent

who resides within the county in which the proceeding is pending. Such service shall be made at least ten days before the day fixed for the hearing, in the manner prescribed for the service of a summons by the title Judicial Procedure, Civil. Personal service may be made in like manner upon any respondent residing within the state outside the county, and upon any person residing outside the state." NDRC 1943, 30–0209.

"A citation in county court may be served by publication upon a respondent residing outside the county whether residing within or without the state, but service by publication upon any such party shall not be necessary if he has been served personally in the manner prescribed by Section 30–0209. Such service by publication shall be made by publishing the citation once each week, for two successive weeks, in some newspaper printed in the county, if there is one, and if none is printed in the county, then a newspaper printed in an adjoining county in the state. Service shall be deemed complete with the last publication. Ten days shall elapse thereafter before the day of hearing. In case of service by publication, the petitioner or his attorney, at least ten days prior to the date of hearing, shall cause to be mailed to each respondent whose address is known, a copy of the citation published. An affidavit of mailing shall be sufficient proof of such mailing. No defect in any notice, nor in the publication or service thereof, shall invalidate any proceedings." 1949 Supp. to NDRC 1943, 30–0210.

"A citation upon a petition for letters of administration, letters testamentary, letters of administration with the will annexed, probate of foreign will, a decree establishing heirship, and letters of guardianship must be served as provided in sections 30–0209 and 30–0210. Service of every other citation required to be made by this title may be made by mailing a copy thereof, postage prepaid, at least fifteen days before the day fixed therein for hearing, to each of the respondents by registered mail. The filing of an affidavit of mailing shall be prima facie proof of service upon the party to whom such citation was mailed." NDRC 1943, 30–0211.

The section immediately following the foregoing sections reads as follows: "All citations, notices, and papers of every

kind required to be served by the provisions of this title shall be served in the manner provided by sections 30–0209, 30–0210, and 30–0211." NDRC 1943, 30–0212.

It will be noted that NDRC 1943 sections 30–0209, 30–0210, and 30–0211 provide for three modes of service of citations in county court, namely, (1) by personal service (30–0209), (2) by publication, (30–0210), and (3) by mail (30–0211) and that Sec. 30–0212 which immediately follows makes these sections and the mode of service prescribed thereby applicable as well to service of notices as to citations. These are the only statutory provisions that could apply to service of notice of appeal on an appeal from the county court to the district court.

In Eberlein v. Bratcher, 76 ND 194, 34 NW2d 825, this court had occasion to consider the service of notice of appeal on appeal from the county court to the district court in a will contest. In that case this court held that under these statutory provisions notice of appeal from county court to the district court must be served upon the parties themselves and that service of a notice of appeal on an attorney of record was insufficient. In paragraph 1 of the syllabus the court stated the following rule:

"In order to confer jurisdiction upon the appellate court a notice of appeal from County Court to the District Court under the provisions of Chapter 30–26, RCND 1943, must be served upon the necessary parties themselves. Service of the notice upon an attorney of record is insufficient."

The rule so stated was decisive of the Bratcher case but the decision in the case discussed in some detail the various statutory provisions relating to service of papers in county court. In the opinion in the Bratcher case it was said:

"Chapter 30–26 does not specify the manner of making service of a notice of appeal. For this we must look elsewhere.

"Chapter 30–02, RCND 1943, prescribes pleading and process in probate matters. Section 30–0209 requires that 'Except as otherwise provided in section 30–0211, a citation in county court must be served personally upon each respondent who resides within the county in which the proceeding is pending . . . .'

"Section 30–0211 requires specified citations to be served personally or by publication; a provision which is clearly not applicable to notices of appeal. However, this section further provides that 'Service of every other citation required to be made by this title may be made by mailing a copy thereof, postage prepaid, at least fifteen days before the day fixed therein for hearing, to each of the respondents by registered mail. The filing of an affidavit of mailing shall be prima facie proof of service upon the party to whom such citation was mailed.'

"Section 30–0210, as amended by Chapter 227, Session Laws of North Dakota 1945, provides for service upon respondents residing outside of the county. The respondent Bratcher resided in the county and this section, therefore, is not applicable to him.

"We now come to a statutory provision which makes the manner of the service of citations provided for by the sections just mentioned applicable to notices of appeal from county to district courts. It is Section 30–0212 which says 'all citations, notices, and papers of every kind required to be served by the provisions of this title shall be served in the manner provided by sections 30–0209, 30–0210, and 30–0211.' . . .

"Notices of appeal from the county to the district court may not be served upon attorneys of record but in order to confer jurisdiction upon the appellate court must be served upon the parties themselves 'in the manner provided by sections 30 0209, 30–0210, and 30–0211.'" Eberlein v. Bratcher, et al., 34 NW2d pp. 828, 829.

It will be noted that NDRC 1943, Sec. 30–0209 requires that citations in county court must be served personally upon each respondent who resides within the county in which the proceeding is pending, except as is otherwise provided in Sec. 30–0211; and that Sec. 30–0211 provides that citations in certain proceedings including proceedings for letters of administration, for letters testamentary, for letters of administration with the will annexed, for the probate of a foreign will, for a decree establishing heirship, and for letters of guardianship must be served as provided in Sections 30–0209 and 30–0210, thus making the provision in Sec. 30–0211 providing for service by mailing in-

applicable to service of such citations. None of the three sections prescribing the mode of service of citations say either directly or indirectly that notice of appeal from a judgment of the county court admitting a will to probate shall not be served by publication where the party resides outside of the county in which the proceeding was had and the judgment rendered. Under the provisions of Sec. 30–0212, supra, a notice of appeal from a judgment of the county court in a proceeding for the administration of a will to probate must be served upon the parties to be served "in the manner provided by sections 30–0209, 30–0210 and 30–0211." Eberlein v. Bratcher, 34 NW2d at p. 828. The petitioner Stormon resided outside of the county of Pierce. Service of the notice of appeal from the judgment of the county court admitting the will to probate to the district court of the county was made upon Stormon in conformity with the provisions of Sec. 30–0210, supra, and, according to the terms of the statute, that is one of the modes of service of such notice which might be used.

We are, also, of the opinion that in any event the appellee, Stormon, waived any defect in the service of the notice of appeal; that he made a general appearance in the case and submitted himself to the jurisdiction of the court before he made any objection to the jurisdiction. Generally it may be said that a party "who intends to rely on a want of jurisdiction over his person must appear, if at all, for the sole purpose of objecting to the jurisdiction of the court." An appearance, in the first instance, for any other purpose, is usually considered general, and gives the same jurisdiction over a party as though process had been regularly served in the manner and form, and for the length of time, prescribed by law. 3 Am. Jur., Appearances, Sec. 11, pp. 789–790.

Broadly stated, any action of a party, except to object to the jurisdiction of the court over his person which recognizes the case as in court, will constitute a general appearance. 6 C. J. S. Appearances, Sec. 13, p. 42. And a general appearance brings a party into court for all purposes with the same effect as the proper service of process. 6 C. J. S., Appearances, Sec. 15, p. 45.

"Formal defects and irregularities in process or the service thereof must be taken advantage of at the first opportunity, and before any further step in the cause is taken, otherwise they will be held to have been waived, but a defect which totally invalidates the writ or the service thereof is not waived by mere delay and may be taken advantage of at any time, assuming that the party does not, in the meantime, voluntarily submit himself to the jurisdiction of the court. Waiver of objections to the process or the service thereof is not, however, limited to mere irregularities; it is well established that a party defendant may waive his right to insist upon any defect in the issuance or service of process notifying him of the suit against him, and by such waiver confer jurisdiction upon the court to proceed with the adjudication of his rights. . . . A general appearance by the defendant in an action against him in a court having jurisdiction of the subject matter amounts to a waiver of the issuance of or of defects in the process or notice served upon him and confers jurisdiction of his person, regardless of the fact that process was not served upon him or that the service thereof may have been defective. Such a waiver may be effected by authorizing another to appear for him. A general appearance which operates as a waiver of the right to object to the process or the service thereof may be entered by the attorney for the defendant provided he has authority to make it; the existence of this authority is presumed from the fact he entered an appearance, but the presumption is rebuttable." 42 Am. Jur., Process, Sec. 116, pp. 101–102. See, also, 3 Am. Jur., Appearances, Sections 8 and 9, pp. 786–787.

The record shows that after the appeal was taken a motion was made at the opening of the December 1948 term for the production of records and that at the hearing thereof the presiding judge suggested that stipulation be executed covering the items desired for examination, that accordingly a written stipulation was made, signed by the attorneys of record for the petitioner Stormon and by the attorneys of record for the contestants that "all books, documents, papers and correspondence belonging to Ethol G. McIntyre, and in the hands of

the Curator, Julian B. Frix of Miami, Fla., or under his control, or subject to procurement by him, as curator, may be examined by designated counsel for contestants and designated counsel for John A Stormon; that the said counsel may determine by selection, therefrom, any items pertinent to the issues involved in the trial of contest of will herein; that said counsel shall join in an application to have all items selected by either attorney, forwarded by the Judge of the Probate Court of Dade Co., Fla. Hon. W. F. Blanton, to the Clerk of the District Court, Pierce County, Rugby, North Dakota." The objections to the jurisdiction were not made until after the commencement of the trial. In the objections to jurisdiction it is stated that "at this time, may it please the Court, the jury in this matter having been sworn to try the proceedings before the Court at this time, the petitioner objects to the jurisdiction of this court to hear, try or determine any of the issues involved in this proceeding on the following grounds. . . ." The proceedings had for the selection and impaneling of a trial jury are important steps in the trial of the case. Challenges for cause to any juror must be tried by the court. NDRC 1943, Sec. 28–1407. The examination of prospective jurors and the impaneling and swearing of the trial jury is a part of the trial. 53 Am. Jur., Trial, Sec. 4, p. 29. Participation in the trial constitutes a general appearance. 6 C. J. S., Appearances, p. 36.

The petitioner had brought himself within the jurisdiction of the court, the objections to the jurisdiction were not well founded, and the court was in error in granting petitioner's motion to dismiss the appeal for want of jurisdiction. The judgment appealed from is reversed and the case is remanded to the district court for further proceedings in conformity with the law.

MORRIS, C. J., CHRISTIANSON, BURKE, JJ., and THOM, JR., District Judge, concur.

GRIMSON, J,. deeming himself disqualified, did not participate, HON. GEORGE THOM, JR., Judge of Fourth Judicial District, sitting in his stead.