**In re FETTIG'S ESTATE.**

**In the Matter of the Appeal of Angeline Fettig, Administratrix of the Estate of Philip Fettig, Deceased, from the order allowing the claim of Jack Fettig issued by the County Court of Dunn County, North Dakota, in the Matter of the Estate of Philip Fettig, Deceased.**

**Jack FETTIG, Appellant,**

**v.**

**Angeline FETTIG, individually, and as Administratrix of the Estate of Philip Fettig, deceased, and LeRoy P. Fettig, Alan G. Fettig, Linda A. Fettig, James J. Fettig, Rita M. Fettig, minors, and J. O. Severtson their special guardian, Respondents.**

**No. 8120.**

Supreme Court of North Dakota.

May 28, 1964.

Rehearing Denied Aug. 21, 1964.

Floyd B. Sperry, Bismarck, for appellant.

Mackoff, Kellogg, Muggli & Kirby, Dickinson, and Marshall T. Bergerud, Killdeer, for respondents.

TEIGEN, Judge.

In this case we are met at the outset with a motion to dismiss this appeal on the ground that the order of the district court, from which the appeal is taken, is interlocutory and nonappealable.

A review of the record discloses the following: The claimant, who is the appellant herein, filed a claim in county court against the estate of Philip Fettig, deceased, in the amount of $129,044.36. The claim was allowed by the county court in the amount of $92,045.29. The administratrix of the estate appealed from the county court's order allowing the claim to. the district court demanding a trial de novo before a jury. The notice of appeal to the district court was served upon the claimant and his attorneys but was not served upon the heirs at law in the estate, who are minors, or their guardian. The claimant moved in the district court that the appeal be dismissed on the ground that the court had not acquired jurisdiction. The administratrix moved that the district court remand the record to the county court for the purpose of extending the time for perfecting the appeal to the district court. Both motions were heard by the district court and it issued one order in which it denied the motion to dismiss the appeal and granted the motion to remand. The order provides as follows:

"1. That the Motion of Jack Fettig to dismiss the appeal of Angeline Fettig, Administratrix, from an Order of the County Court of Dunn County dated June 19, 1961, such Order allowing a claim of said Jack Fettig against the above entitled estate in the sum of Ninety-two Thousand Forty-five and 29/100 Dollars ($92,045.29) be and the same is hereby denied.

"2. That the present record on appeal be returned by the Clerk of this Court to the Judge of the County Court, Dunn County, North Dakota, for the purpose of carrying out and executing this Order, and performing the acts herein directed by such Court to be done or performed.

"3. That the County Court of Dunn County, North Dakota, be and is hereby directed to issue an order extending the time for perfecting the above entitled appeal and permitting amendment of the Notice of Appeal so as to permit joinder and inclusion of minor children of the decedent and their legal representative as necessary parties to said appeal.

"4. That the County Court of Dunn County, North Dakota, subsequent to any amendment of the Notice of Appeal and service thereof upon necessary parties not previously served, certify and return to the Clerk of this Court the record on appeal herein as so amended and supplemented."

The instant appeal is from this order which the administratrix claims is nonappealable.

The issues on the motion to dismiss this appeal may be succinctly stated as follows: Where an appeal from an order allowing a creditor's claim is taken from the county court to the district court, does an appeal to the Supreme Court lie from:

1. An interlocutory order of the district court refusing to dismiss the appeal on the grounds that the heirs at law were not made parties to nor served with the notice of appeal, although timely service was made on a claimant also a party to the appeal; and

2. An interlocutory order of the district court remanding the record to the county court for the purpose of obtaining an extension of time to perfect the appeal from the county court to the district court and to serve additional necessary parties to the appeal?

■ The first issue is well settled in the first In re Bratcher case (Eberlein v. Eberly), 74 N.D. 12, 24 N.W.2d 54, wherein this court held that an order of the district court refusing to dismiss an appeal from the county court, on the ground that the appeal from the county court was so defective it failed to confer jurisdiction upon the district court, is not an appealable order and that the question may be reviewed upon a proper record in an appeal from the final judgment.

The second issue, as to whether that part of the interlocutory order of the district court remanding the record to the county court for the purpose of obtaining an extension of time to perfect the appeal from the county court to the district court, and to serve additional parties as that issue developed in this case, has not previously been passed upon in this State.

■ Following a hearing on the claim, the county court made a memorandum decision dated June 2, 1961. It made certain findings and directed the attorney for the administratrix to draw an order. An order approving the claim was subsequently entered by the court on June 19, 1961. On June 30, 1961, a notice of appeal to the district court from the said order approving the claim was served on the claimant and his attorneys. It was filed with proofs of service in the county court on July 6, 1961. It was not served upon the heirs at law or their guardian. The claimant contends it was not timely filed for the reason that it was not filed within thirty days of the date of the county judge's memorandum, which, he argues, constituted the order approving the claim. This argument is not borne out by the record. The court's memorandum contains no order approving the claim. It merely contains findings with the direction that an order be drawn accordingly. An order was drawn and signed by the court on June 19, 1961. The notice of appeal with proofs of service was filed within thirty days from the date of this order. Therefore, the appeal was timely taken in accordance with Section 30–26–03, N.D.C.C.

■ The county court certified to the district court the papers and records, upon which the appeal was taken, on July 31, 1961. Thereafter, on the 5th day of September, 1962, the judge of the county court entered an order denying the petition for extension of time for the service of the notice of appeal. The claimant argues that, in accordance with the holding in the second In re Bratcher's Estate case, 76 N.D. 194, 34 N.W.2d 825, where the county court in the exercise of its discretion had refused to extend the time for service of the notice of appeal on the heirs beyond the statutory period of thirty days, a valid appeal was not perfected to the district court and it should have been dismissed.

This requires an examination of the county court's proceedings. The moving papers in the county court proceeding are not a part of the judgment roll, but the order of the county court denying the extension is. It

appears from the county court's findings that before the petition was filed, the appeal had been placed on the calendar of the district court and a motion was made and heard for a dismissal of the appeal on the ground that the appeal had not been timely or properly taken. The judge, the Honorable Mark H. Amundson, had taken the motion under advisement. The county court denied the petition to extend the time and, from the contents of its order, it appears the decision was made on the basis of the above findings.

Judge Amundson expired before ruling on the motion and a second motion for dismissal of the appeal, dated September 25, 1962, was made by the claimant. The administratrix then moved to have the appeal remanded to the county court for the purpose of obtaining an extension of time to perfect the appeal by the service of notice of appeal upon the necessary parties not previously served. On April 2, 1963, the attorneys for the administratrix and the claimant stipulated that both motions be heard by the Honorable C. F. Kelsch, judge of the district court, on April 15, 1963. He succeeded Judge Amundson. The court orally stated its decision from the bench and a formal order was entered on April 18, 1963. This is the order from which the instant appeal is taken, and which order the administratrix maintains is not appealable.

It is apparent from the record that the county court did not exercise its discretion on the merits in refusing to extend the time for the service of the notice of appeal upon the omitted parties beyond the statutory thirty day period. It denied the petition because it felt it no longer had jurisdiction. In view of the fact that a second motion was made to the Honorable C. F. Kelsch, district judge, who is the successor to the Honorable Mark H. Amundson, following the latter's demise, it is apparent Judge Amundson made no decision on the motion. For this reason the ruling applied by the court In re Bratcher, 76 N.D. 194,

34 N.W.2d 825, does not apply. In that case the county court, in the exercise of its discretion on the merits, refused to extend the time in which to perfect the appeal. Therefore, when the motion to remand the case from the district court to the county court for the purpose of obtaining an extension of time in which to perfect the appeal was made, the situation was the same as if no application had been previously made to the county court. We are advised, in counsel's argument and briefs, that an appeal has been perfected to the district court from the order of the county court denying application for extension of time for the service of the notice of appeal. Thus, it appears, there are now two appeals pending in the district court, one from the order allowing the claim and the other from the order denying application to extend the time in which to perfect the appeal. It is not indicated that the district court had acted on the latter appeal.

All of the questions involved in this legal maze pertain to the question of jurisdiction by the district court to try an appeal from an order of the county court allowing a creditor's claim. The right to appeal from an interlocutory order is statutory. It exists in such cases, and in such cases only, as are prescribed by law. Ellingson v. Northwestern Jobbers' Credit Bureau, 58 N.D. 754, 227 N.W. 360; Burdick v. Mann, 59 N.D. 611, 231 N.W. 545.

Under the statutes of this State an appeal lies to the Supreme Court only from the orders made by the district court as set forth in Section 28-27-02, N.D.C.C. It is the contention of the claimant that the order appealed from is appealable under Subsection 5 of said Section 28-27-02. It provides as follows:

"What orders reviewable.—The following orders when made by the court may be carried to the supreme court:

"* * *

"5. An order which involves the merits of an action or some part thereof;

\* \* \*."

In Ellingson v. Northwestern Jobbers' Credit Bureau, supra, the court said it was not always easy to determine whether a given order falls within the provisions of such statutes and that the question has been considered by many courts and legal writers. In Bolton v. Donavan, 9 N.D. 575, 84 N.W. 357, this court expanded upon the term "merits" and held that the phrase "involves the merits" must be so interpreted as to embrace orders which pass upon substantial legal rights of the suitor, whether such rights do or do not relate directly to the cause of action or subject matter in controversy. However, such expansion of the term "merits" was held in In re Glavkee's Estate, 75 N.D. 118, 25 N.W.2d 925, not to be sufficiently broad to include an interlocutory order of the district court directing that the record be remanded to the county court for the purpose of permitting it to receive, file and probate a certain deed as a part of the last will and testament of the deceased. The court said the effect of the order was to leave the action for trial and determination in the district court and for rendition and judgment therein. The same reasoning applies in this case. It is not an order which involves the merits of the appeal from an order allowing a claim or any part thereof. All issues raised in the appeal to this court challenge the jurisdiction of the district court to try the case appealed to it from the county court. In Ellingson v. Northwestern Jobbers' Credit Bureau, supra, this court held specifically that the ruling involved therein— the order of the court overruling the objection to its jurisdiction—is subject to review on appeal from the judgment of the district court, provided it is preserved and made a part of the record by a settled statement of the case. Such rule governs here.

It is also claimed that a part of the order appealed from, in effect, is a writ of mandamus directing the judge of the county court to perform an act in a certain manner, to wit:

" \* \* \* to issue an order extending the time for perfecting the above entitled appeal and permitting amendent of the Notice of Appeal so as to permit joinder and inclusion of minor children of the decedent and their legal representatives as necessary parties to said appeal."

Claimant contends that it is beyond the power of the district court to direct the judge of the county court in an area where it acts in a judicial capacity and is granted discretionary powers. (Section 30–26–06, N.D.C.C.) We do not pass on this question in this opinion. Does this part of the order involve the merits of the claim or some part thereof? We think not. We do not decide in this opinion whether the district court in the instant case had authority to direct the judge of the county court in this manner. If the district court is in error or has exceeded its jurisdiction, the question is subject to review on appeal from the judgment of the district court, provided it is preserved and made a part of the record by a settled statement of the case.

The question raised does not in any manner go to the validity of the claim filed in the county court or any part thereof. It is clearly interlocutory and is an intermediary step in the proceedings in the court in which the case is being tried and does not determine the action or rights of the parties in controversy. It is an order of the court made in the progress of the cause requiring something to be done or observed but not determining the controversy. The effect of the order is to leave the action for trial and determination in the district court when the amended and supplemented record is certified and returned to the clerk of the district court, and for rendition of judgment therein. In re Glavkee's Estate, supra; Whitney v. Ritz, 24 N.D. 576, 140 N.W. 676; Ellingson v. Northwestern Jobbers' Credit Bureau, supra; Union Brokerage Co. v. Jensen, 74 N.D. 154, 20 N.W.

2d 343; In re Bratcher (Eberlein v. Eberly), 74 N.D. 12, 24 N.W.2d 54. We find it is not an order involving the merits of the action or some part thereof. The appeal is dismissed.

MORRIS, C. J., and BURKE, ERICKSTAD and STRUTZ, JJ., concur.